**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
:
MALIBU MEDIA, LLC, :
: Case No. 1:19-cv-07189-JGK
Plaintiff, :
:
vs. :
:
YI-TING CHEN, :
:
Defendant. :
-----------------------------------------------------------------X

## BRIEF IN SUPPORT OF MOTION FOR ALTERNATE SERVICE ON DEFENDANT YI-TING CHEN

Plaintiff hereby respectfully requests that this court should permit alternate service of the summons and Amended Complaint on Defendant Yi-Ting Chen, because personal service is impracticable, and the proposed alternate service is reasonably calculated to give Defendant notice and an opportunity to be heard in this action, thus according with the basic due process requirements.

With irrelevant exceptions, such as minors or incompetents, "service upon an individual…may be effected in any judicial district of the United States:

> ( 1) pursuant to the law of the state in which the judicial district is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the Courts of general jurisdiction of the State ...

Fed. R. Civ. P. 4(e)(l).

The applicable state and state law is New York, and the New York Consolidated Laws define New York law regarding service of a summons and complaint. Under these rules, where personal service is impracticable, the court has discretion to permit alternate service:

> Personal service upon a natural person shall be made by any of the following methods:… (5) in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

New York Consolidated Laws CVP § 308(5).

The affidavits of process servers, Frederick Pringle and Euclide Decastro, are attached as Exhibit "A" to the Motion for Alternate Service. These affidavits detail the attempts that Mr. Pringle and Mr. Decastro made to serve Defendant Yi-Ting Chen and demonstrates that Defendant Yi-Ting Chen is avoiding service.

In this matter, personal service is impracticable, and alternate service is essential. In this situation, the applicable New York Consolidated Laws permit Plaintiff's proposed alternate service. Plaintiff's multiple attempts to serve Defendant Yi-Ting Chen personally at his Last Known Address have been unsuccessful. However, Plaintiff has concluded that Defendant resides at the Last Known Address and is avoiding service.

Plaintiff requests that the Court allow service to be effected under New York Consolidated Laws CVP § 308(4):

> [W]here service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the … dwelling place or usual place of abode within the state of the person to be served and by … mailing the summons to such person at his or her last known residence … in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other[.]

Accordingly, Plaintiff's proposed alternate service is reasonably calculated to notify Defendant Yi-Ting Chen of this action and give him an opportunity to be heard. Thus, an alternate service order is justified and necessary. Due to Plaintiff's diligence in attempting to serve, Plaintiff also requests twenty-one days from the date of an Order on this Motion to serve Defendant Yi-Ting Chen by alternate service. A proposed order is filed contemporaneously herewith.

## CONCLUSION

THEREFORE, PLAINTIFF respectfully requests this Court to:

A. Grant this motion.

B. Permit Plaintiff twenty-one days to serve Defendant Yi-Ting Chen by alternate service including posting at his Last Known Address and sending a summons and copy of the Amended Complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee at the Last Known Address.

Dated: May 15, 2020                             Respectfully submitted,

By: /s/ *Kevin T. Conway*
Kevin T. Conway, Esq. (KC-3347)
80 Red Schoolhouse Road, Suite 110
Spring Valley, NY. 10977
T: 845-352-0206
F: 845-352-0481
E-mail: ktcmalibu@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Kevin T. Conway*
Kevin T. Conway, Esq.