UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | Civil Case No. 1:19-cv-07189-JGK |
| *Plaintiff,* | **ORDER** |
| v. | USDS SDNY |
| **JOHN DOE subscriber assigned IP address 98.116.191.111,** | DOCUMENT ELECTRONICALLY FILED |
| *Defendant.* | DOC #: _____ |
| | DATE FILED: _7/06/2021_ |

THIS MATTER having been opened to the Court by a consolidated motion on behalf of defendant John Doe subscriber assigned IP address 98.116.191.111 ("defendant"), through counsel, Leslie A. Farber, LLC, Leslie A. Farber, Esq., appearing, seeking an order (1) redacting defendant's name and address permanently from certain documents, (2) entering a protective order permitting defendant to defend this matter pseudonymously, and enjoining plaintiff from revealing personal information about defendant absent permission from the Court; and the Court having considered the moving and opposing papers and any arguments of counsel, and good cause having been shown;

**IT IS** on this _2_ day of _July_ , 2020

**ORDERED** as follows:

1. The Motion to Seal Certain Materials [ECF No. 49] be and the same is hereby **GRANTED**;

2. Defendant's request for Consent Protective Order is **GRANTED**; and

3. John Doe subscriber assigned IP address 98.116.191.111 shall proceed anonymously, as a "John Doe" or "John Doe subscriber assigned IP address 98.116.191.111" in this matter;

4. Plaintiff will maintain confidential and not disclose publicly or in this Court (except if under seal) the identity and contact information of this John Doe or of his/her immediate family; and

1

5. Redacted versions of the following documents shall be substituted for the originally filed documents by the Clerk of the Court:

a. Amended Complaint. [ECF No. 14].

b. Plaintiff's request for Summons to be Issued. [ECF No. 15].

c. Summons Issued. [ECF No. 16].

d. Proposed Order on Second Letter Motion for Extension of Time to Effectuate Service of Summons and Amended Complaint. [ECF No. 17-1].

e. Order on Second Letter Motion for Extension of Time to Effectuate Service of Summons and Amended Complaint. [ECF No. 18].

f. Third Letter Motion for Extension of Time to Effectuate Service of Summons and Amended Complaint. [ECF No. 21-1 Proposed Form of Order].

g. Fourth Letter Motion for Extension of Time to Effectuate Service of Summons and Amended Complaint on Defendant. [ECF 23-1 Proposed Form of Order].

h. Order on Plaintiff's Fourth Letter Motion for Extension of Time to Effectuate Service of Summons and Amended Complaint on Defendant. [ECF 24].

i. Fifth Letter Motion for Extension of Time to Effectuate Service of Summons and Amended Complaint on Defendant. [ECF 27-1 Proposed Form of Order].

j. Order on Plaintiff's Fifth Letter Motion for Extension of Time to Effectuate Service of Summons and Amended Complaint on Defendant. [ECF No. 28].

k. Sixth Letter Motion for Extension of Time to Effectuate Service of Summons and Amended Complaint on Defendant. [ECF No. 29-1 Proposed Form of Order].

l. Order on Plaintiff's Sixth Letter Motion for Extension of Time to Effectuate Service of Summons and Amended Complaint on Defendant. [ECF No. 30].

m. Motion for Alternative Service. [ECF No. 31 Motion, 31-1 Exhibit A, 31-2 Proposed Form of Order].

n. Memorandum of Law in Support of Motion for Alternate Service on Defendant. [ECF No. 32].

o. Order on Motion for Extension of Time and Alternative Service on Defendant. [ECF No. 34].

p. Affidavit of Service of Process of Summons and Amended Complaint. [ECF No. 35].

q. Sixth Motion to Adjourn Initial Pretrial Conference and Extend the Deadline to File a Joint Discovery/case Management Plan. [ECF No. 36-1 Proposed Form of Order].

r. Proposed Clerk's Certificate of Default [ECF No. 38], supporting Declaration [ECF No. 38-1].

s. Clerk's Certificate of Default (entered). [ECF No. 39].

2

t.     Motion for Entry of Final Default Judgment. [ECF No. 40 Motion, 40-1 Proposed Default Judgment, 40-3 Proposed Order to Show Cause].

u.    Memorandum of Law in Support of Motion for Entry of Final Default Judgment. [ECF No. 41].

v.     Declaration in Support of Motion for Entry of Final Default Judgment. [ECF No. 42].

w.    Notice of Filing. [ECF No. 43].

x.     Statement of Damages. [ECF No. 44].

y.     Order. [ECF No. 45].

z.     Notice of Mailing. [ECF No. 46].

aa.   Letter dated August 11, 2020. [ECF No. 47].

bb.   Consent Order. [ECF No. 48].

cc.   Plaintiff's Notice of Settlement. [ECF No. 49].

dd.   Memo Endorsement on Plaintiff's Notice of Settlement. [ECF No. 50).

ee.   AO 121 Form Copyright - Case Terminated. [ECF No.52].

ff.    Motion to Seal and for Protective Order - Declaration of John Doe. [ECF No. 53-2].

7/2/21         _G Koeltl._
                    Hon. John G. Koeltl, U.S.D.J.

*The Clerk is directed to close all pending motions.*

*So ordered*
*J G Koeltl*
7/2/21   U.S.D.J

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- X
                                                        :
MALIBU MEDIA, LLC,                                      :
                                                        :   Case No. 1:19-cv-07189-JGK
                                  Plaintiff,            :
                                                        :   AMENDED COMPLAINT –
v.                                                      :   ACTION FOR DAMAGES FOR
REDACTED,                                               :   PROPERTY RIGHTS
                                                        :   INFRINGEMENT
                                  Defendant.            :
------------------------------------------------------- X
```

Plaintiff, Malibu Media, LLC, sues Defendant, REDACTED, and alleges:

### Introduction

1.      This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2.      Defendant is a persistent online infringer of Plaintiff's copyrights. Indeed, Defendant's IP address as set forth on Exhibit A was used to illegally distribute each of the copyrighted movies set forth on Exhibit B.

3.      Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the "Copyrights-in-Suit").

### Jurisdiction And Venue

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

5.      Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred

using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (i) Defendant committed the tortious conduct alleged in this Amended Complaint in this State, and (ii) Defendant resides in this State and/or (iii) Defendant has engaged in substantial and not isolated business activity in this State.

6.     Based upon experience filing over 1,000 cases the geolocation technology used by Plaintiff has proven to be accurate to the District level in over 99% of the cases.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant or Defendant's agent resides or may be found in this District.

**Parties**

8.     Plaintiff, Malibu Media, LLC, (d/b/a "X-Art.com") is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 30700 Russell Ranch Road, Suite 250, Westlake Village, CA 91362.

9.     Defendant, REDACTED, is an individual residing at REDACTED, REDACTED.

**Factual Background**

*I.     Defendant Used the BitTorrent File Distribution Network To Infringe Plaintiff's Copyrights*

10.     The BitTorrent file distribution network ("BitTorrent") is one of the most common peer-to-peer file sharing systems used for distributing large amounts of data, including, but not

2

limited to, digital movie files.

11.   BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network. The methodology of BitTorrent allows users to interact directly with each other, thus avoiding the need for intermediary host websites which are subject to DMCA take down notices and potential regulatory enforcement actions.

12.   In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces. Users then exchange these small pieces among each other instead of attempting to distribute a much larger digital file.

13.   After the infringer receives all of the pieces of a digital media file, the infringer's BitTorrent client software reassembles the pieces so that the file may be opened and utilized.

14.   Each piece of a BitTorrent file is assigned a unique cryptographic hash value.

15.   The cryptographic hash value of the piece ("piece hash") acts as that piece's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each piece is properly routed amongst BitTorrent users as they engage in file sharing.

16.   The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (which contains a video or series of videos). Once infringers complete downloading all pieces which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

17.   Plaintiff's investigator, IPP International UG established a direct TCP/IP connection with the Defendant's IP address as set forth on Exhibit A.

18.    Plaintiff's investigator downloaded from Defendant one or more pieces of each of the digital media files identified by the file hashes listed on Exhibit A.

19.    Each digital media file as identified by the file hash listed on Exhibit A correlates to a copyrighted film owned by Plaintiff, as set forth on Exhibit B.

20.    A full copy of each digital media file was downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched what is listed on Exhibit A. At no point was Plaintiff's copyrighted content uploaded to any other BitTorrent user.

21.    Further, each digital media file as identified by the file hash listed on Exhibit A has been verified to contain a digital copy of a movie that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted work listed on Exhibit B.

22.    Plaintiff owns the copyrights to the original works (the "Copyrights-in-Suit"). An overview of the Copyrights-in-Suit, including each hit date, date of first publication, registration date, and registration number issued by the United States Copyright Office is set forth on Exhibit B.

23.    Defendant downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization as enumerated on Exhibits A and B.

24.    Plaintiff's investigator connected, over a course of time, with Defendant's IP address for each digital media file identified by the hash value as listed on Exhibit A. The most recent TCP/IP connection between IPP and the Defendant's IP address for each file hash value listed on Exhibit A is included within the column labeled Hit Date UTC. UTC refers to Universal Time which is utilized for air traffic control as well as for computer forensic purposes.

4

25. Plaintiff's evidence establishes that Defendant is a habitual and persistent BitTorrent user and copyright infringer.

### Miscellaneous

26. All conditions precedent to bringing this action have occurred or been waived.

27. Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

## COUNT I
### Direct Infringement Against Defendant

28. The allegations contained in paragraphs 1-27 are hereby re-alleged as if fully set forth herein.

29. Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.

30. By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

31. Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

32. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A) Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B) Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C) Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions

of "perform" and "publically" perform); and

(D)     Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works non-sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

33.     Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)     Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;

(B)     Order that Defendant delete and permanently remove the digital media files relating to Plaintiff's works from each of the computers under Defendant's possession, custody or control;

(C)     Order that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendant's possession, custody or control;

(D)     Award Plaintiff statutory damages per infringed work pursuant to 17 U.S.C. § 504-(a) and (c);

(E)     Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F)     Grant Plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: December 15, 2019                    Respectfully submitted,

By:     /s/ *Kevin T. Conway*
        Kevin T. Conway, Esq. (KC-3347)

6

80 Red Schoolhouse Road, Suite 110
Spring Valley, New York 10977-6201
T: 845-352-0206
F: 845-352-0481
E-mail: ktcmalibu@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Kevin T. Conway*

**IPP International U.G. Declaration Exhibit A**
**File Hashes for IP Address 98.116.191.111**

**ISP:** Verizon Internet Services
**Physical Location:** New York, NY

| Hit Date UTC | File Hash | Title |
|---|---|---|
| 05/16/2019 21:48:06 | 483C0F08D39959A37DD3F4370563C9DAD44B8C11 | Cindy Sauna Sex |
| 05/16/2019 21:44:08 | 0D651A87988EBBD0E47288085510C9F8AB597567 | Stunning Sexy Shower |
| 05/16/2019 21:41:35 | 039C90E33648679DE6EA85ECFB91AB39CFA7054A | Moonlight Sex Games |
| 05/16/2019 21:39:50 | 6328B208498C109D6EFC9A77581474694711F92B | Afternoon Rendezvous |
| 05/16/2019 21:38:23 | 30512197BA69A068EDE19E894DFD7D16D0175C87 | Workout and Stunning Hot Sex |
| 05/16/2019 21:27:46 | 4F99498549B8B8F3E84D2E48788CDFBA10C3247E | Like The First Time |
| 03/22/2019 01:11:36 | 89B1D793636AF77DECDD2D0C433D7419FB328136 | XXX Threeway Games |
| 03/21/2019 00:01:47 | 0795957EB77B0C2ECD7C669292F5FD28BC3629CA | Four Way In 4K |
| 03/20/2019 23:58:55 | E0F5AE588A3EB396863483FB8FD6AF8B15C29723 | Cum In For An Orgy |
| 03/15/2019 05:43:26 | 99168B20226BDD6884C961109D642BFFDF06ACB9 | Honeymoon Sex |
| 03/15/2019 05:43:06 | ABAF93A6E2F868765C236D60E7770E16CBABF40E | Five Reasons to Love Sex with Blondes |
| 03/15/2019 05:42:59 | F8D11A4D5C5BB3A07DCBB5E150E9E040DFF6E319 | Moving Day Sex |
| 03/15/2019 05:42:43 | 3440A228C53666CC6AB85C62DE8BE3FA15E6B3D6 | Young 18 Year Old Couple in Hot Summer Sex |
| 03/15/2019 05:34:28 | 7F82BD81B5ABABB4B01B41EA0F35B8A93F8BC7C6 | Summertime Sex |
| 03/15/2019 05:27:50 | 484FA88462A4177609A2F12E412BA1436F7316F3 | Teach Me About Sex |
| 03/15/2019 05:24:22 | 0294BB72CCDC51CD5DCE35057907DAA15DA461A6 | Supermodel Sex |

**Total Statutory Claims Against Defendant: 16**

EXHIBIT A

**Copyrights-In-Suit for IP Address 98.116.191.111**

**ISP:** Verizon Internet Services
**Location:** New York, NY

| Title | Registration Number | Date of First Publication | Effective Date of Registration | Most Recent Hit UTC |
|---|---|---|---|---|
| Cindy Sauna Sex | PA0002173483 | 05/04/2019 | 05/13/2019 | 05/16/2019 |
| Stunning Sexy Shower | PA0002165727 | 03/21/2019 | 04/09/2019 | 05/16/2019 |
| Moonlight Sex Games | PA0002165730 | 03/27/2019 | 04/09/2019 | 05/16/2019 |
| Afternoon Rendezvous | PA0002120296 | 05/21/2018 | 06/05/2018 | 05/16/2019 |
| Workout and Stunning Hot Sex | PA0002154476 | 01/20/2019 | 01/24/2019 | 05/16/2019 |
| Like The First Time | PA0001778844 | 02/29/2012 | 02/29/2012 | 05/16/2019 |
| XXX Threeway Games | PA0002078584 | 06/30/2017 | 08/30/2017 | 03/22/2019 |
| Four Way In 4K | PA0001995499 | 01/28/2016 | 02/18/2016 | 03/21/2019 |
| Cum In For An Orgy | PA0002139295 | 08/11/2018 | 08/27/2018 | 03/20/2019 |
| Honeymoon Sex | PA0002109640 | 03/09/2018 | 03/28/2018 | 03/15/2019 |
| Five Reasons to Love Sex with Blondes | PA0002097524 | 12/09/2017 | 01/03/2018 | 03/15/2019 |
| Moving Day Sex | PA0002133713 | 07/21/2018 | 08/02/2018 | 03/15/2019 |
| Young 18 Year Old Couple in Hot Summer Sex | PA0002139292 | 08/03/2018 | 08/27/2018 | 03/15/2019 |
| Summertime Sex | PA0002128253 | 07/13/2018 | 07/17/2018 | 03/15/2019 |
| Teach Me About Sex | PA0002140491 | 08/31/2018 | 09/24/2018 | 03/15/2019 |
| Supermodel Sex | PA0001967075 | 09/02/2015 | 09/07/2015 | 03/15/2019 |

**Total Malibu Media, LLC Copyrights Infringed: 16**

EXHIBIT B

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| MALIBU MEDIA, LLC | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| REDACTED | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No. 1:19-cv-07189-JGK

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  REDACTED

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Kevin T. Conway, Esq.
80 Red Schoolhouse Road, Suite 110
Spring Valley, New York 10977-6201
T: 845-352-0206
F: 845-352-0481
E-mail: ktcmalibu@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

Civil Action No. 1:19-cv-01510-NRB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____        _____
                                                *Server's signature*

                                        _____
                                                *Printed name and title*

                                        _____
                                                *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| MALIBU MEDIA, LLC <br><br> _Plaintiff(s)_ <br><br> v. <br><br> REDACTED <br><br> _Defendant(s)_ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.   1:19-cv-07189-JGK

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   REDACTED 

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Kevin T. Conway, Esq.
80 Red Schoolhouse Road, Suite 110
Spring Valley, New York 10977-6201
T: 845-352-0206
F: 845-352-0481
E-mail: ktcmalibu@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date:   December 16, 2019 _____

/S/  S.  James _____

_Signature of Clerk or Deputy Clerk_



Civil Action No. 1:19-cv-01510-NRB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
                                  :

MALIBU MEDIA, LLC,            :

               Plaintiff,      :       Case No. 1:19-cv-07189-JGK

                                    :       Judge Koeltl

           vs.                :

REDACTED,                      :

                                    :

              Defendant.     :
---------------------------------------------------------------X

## <u>ORDER ON PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME WITHIN WHICH IT HAS TO EFFECTUATE SERVICE ON DEFENDANT</u>

THIS CAUSE came before the Court upon Plaintiff's Second Motion for Extension of Time Within Which it Has to Serve Defendant with a Summons and Complaint (the "Motion"), and the Court being duly advised in the premises does hereby:

ORDER AND ADJUDGE: Plaintiff's Motion is granted. Plaintiff shall have until January 27, 2020, to effectuate service of a summons and Complaint upon Defendant.

SO ORDERED this ___ day of _____, 2019.

By: _____
                     **UNITED STATES DISTRICT JUDGE**

# KEVIN T. CONWAY, ESQ.

## ATTORNEY AT LAW
### LICENSED IN
### N.Y., N.J., CT.

*80 Red Schoolhouse Road, Suite 110*
*Spring Valley, NY 10977*
*Tel: (845) 352-0206*
*Fax: (845) 352-0481*

*c/o DeCotiis, Fitzpatrick, Cole & Giblin, LLC*
*500 Frank W. Burr Blvd., Ste. 31*
*Teaneck, NJ 07666*
*Tel: (201) 928-1100*

December 24, 2019

APPLICATION GRANTED
SO ORDERED

12/27/19    John G. Koeltl, U.S.D.J.

The Honorable Judge John G. Koeltl
United States Courthouse
500 Pearl Street
New York, NY 10007

*Re: 1:19-cv-07189-JGK Plaintiff's Second Letter Motion for Extension of Time within Which to Effectuate Service on Defendant*

Dear Judge Koeltl:

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff, Malibu Media, LLC, move for entry of an order extending the time within which Plaintiff has to serve the John Doe Defendant with a Summons and Complaint, and states:

1.     Plaintiff commenced this action against the internet subscriber assigned IP 98.116.191.111 ("Defendant") on July 31, 2019, at which time it filed a complaint alleging that Defendant copied and distributed one or more of Plaintiff's copyrighted works, all without Plaintiff's consent. *See* CM/ECF 1. Plaintiff asserted a claim for direct copyright infringement, and requested that Defendant delete and permanently remove, and be enjoined from continuing to infringe, Plaintiff's copyrighted works. *See id.*

2.     On September 3, 2019, Plaintiff was granted leave to serve a third-party subpoena on Defendant's ISP, Verizon, to obtain the Defendant's identifying information [CM/ECF 7]. Plaintiff issued the subpoena on September 8, 2019 and received the ISP's response on or about

1

November 18, 2019.

3.      Upon receipt of the subscriber's identifying information, Plaintiff conducted a thorough investigation and determined that a good faith basis exists to name the subscriber as the defendant infringer.

4.      Accordingly, Plaintiff filed its Amended Complaint to name the Defendant [CM/ECF 14] and requested that the Clerk issue a summons as to the Defendant. The Court issued the summons on December 16, 2019.

5.      On or about December 19, 2019, Plaintiff sent the Summons and Amended Complaint to its process server. The process server is attempting to serve the Defendant at his home.

6.      Pursuant to this Court's Order on Plaintiff's First Motion for Extension of Time Within Which It Has to Effectuate Service on John Doe Defendant, [CM/ECF 11], Plaintiff was required to effectuate service on the Defendant no later than December 23, 2019.

7.      Procedurally, Plaintiff respectfully requests that the time within which it has to effectuate service of the summons and Complaint on Defendant be extended until at least forty-five (35) days, or until January 27, 2020. The additional time will allow Plaintiff's process server to effectuate service.

8.      This motion is made in good faith and not for the purpose of undue delay.

9.      None of the parties will be prejudiced by the granting of this extension.

WHEREFORE, Plaintiff respectfully requests that the time within which it has to effectuate service of the summons and Complaint on Defendant be extended until January 27, 2020. A proposed order is attached for the Court's convenience.

2

Dated: December 24, 2019

Respectfully submitted,

By:    */s/ Kevin T. Conway*
Kevin T. Conway, Esq. (KC-3347)
80 Red Schoolhouse Road, Suite 110
Spring Valley, New York 10977-6201
T: 845-352-0206
F: 845-352-0481
E-mail: ktcmalibu@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: */s/ Kevin T. Conway*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                  :

MALIBU MEDIA, LLC,
                                  :     Case No. 1:19-cv-07189-JGK

             Plaintiff,     :

                                  :     Judge Koeltl

       vs.                 :

REDACTED                   :

                                  :

                 Defendant.    :
-------------------------------------------------------------X

## ORDER ON PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME WITHIN WHICH IT HAS TO EFFECTUATE SERVICE ON DEFENDANT

THIS CAUSE came before the Court upon Plaintiff's Second Motion for Extension of Time Within Which it Has to Serve Defendant with a Summons and Complaint (the "Motion"), and the Court being duly advised in the premises does hereby:

ORDER AND ADJUDGE: Plaintiff's Motion is granted. Plaintiff shall have until January 27, 2020, to effectuate service of a summons and Complaint upon Defendant.

SO ORDERED this ___ day of _____, 2019.

By: _____
           **UNITED STATES DISTRICT JUDGE**

1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

MALIBU MEDIA, LLC,                                     :

                       Plaintiff,            :

              vs.                           :

**REDACTED**                                                   :

                Defendant.           :

-------------------------------------------------------------X

Case No. 1:19-cv-07189-JGK

Judge Koeltl

## ORDER ON PLAINTIFF'S THIRD MOTION FOR EXTENSION OF TIME WITHIN WHICH IT HAS TO EFFECTUATE SERVICE ON DEFENDANT

        THIS CAUSE came before the Court upon Plaintiff's Third Motion for Extension of Time Within Which it Has to Serve Defendant with a Summons and Complaint (the "Motion"), and the Court being duly advised in the premises does hereby:

        ORDER AND ADJUDGE: Plaintiff's Motion is granted. Plaintiff shall have until March 2, 2020, to effectuate service of a summons and Complaint upon Defendant.

        SO ORDERED this ___ day of _____, 2020.


By: _____
                **UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                                            :
MALIBU MEDIA, LLC,                                          :
                                                            :      Case No. 1:19-cv-07189-JGK
                                Plaintiff,                  :
                                                            :      Judge Koeltl
                vs.                                         :
                                                            :
REDACTED,                                                   :
                                                            :
                                Defendant.                  :
------------------------------------------------------------X

## ORDER ON PLAINTIFF'S FOURTH MOTION FOR EXTENSION OF TIME WITHIN WHICH IT HAS TO EFFECTUATE SERVICE ON DEFENDANT

THIS CAUSE came before the Court upon Plaintiff's Fourth Motion for Extension of Time Within Which it Has to Serve Defendant with a Summons and Complaint (the "Motion"), and the Court being duly advised in the premises does hereby:

ORDER AND ADJUDGE: Plaintiff's Motion is granted. Plaintiff shall have until March 23, 2020, to effectuate service of a summons and Complaint upon Defendant.

SO ORDERED this ___ day of _____, 2020.


By: _____
        **UNITED STATES DISTRICT JUDGE**

1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------X
                         :

MALIBU MEDIA, LLC,          :     Case No. 1:19-cv-07189-JGK

               Plaintiff,  :

        vs.           :

REDACTED            :

              Defendant.  :
--------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 0 5 2020

## <u>ORDER ON PLAINTIFF'S FOURTH MOTION FOR EXTENSION OF TIME WITHIN WHICH IT HAS TO EFFECTUATE SERVICE ON DEFENDANT</u>

THIS CAUSE came before the Court upon Plaintiff's Fourth Motion for Extension of Time Within Which it Has to Serve Defendant with a Summons and Complaint (the "Motion"), and the Court being duly advised in the premises does hereby:

ORDER AND ADJUDGE: Plaintiff's Motion is granted. Plaintiff shall have until March 23, 2020, to effectuate service of a summons and Complaint upon Defendant.

SO ORDERED this 5 day of March, 2020.

By: _George B. Daniels_

George Daniels, U.S.D.J., Part I

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                 :

MALIBU MEDIA, LLC,
                                 :     Case No. 1:19-cv-07189-JGK
               Plaintiff,      :

            vs.                   :

REDACTED,                     :

             Defendant.    :
------------------------------------------------------------X

**ORDER ON PLAINTIFF'S FIFTH MOTION FOR EXTENSION OF TIME WITHIN WHICH IT HAS TO EFFECTUATE SERVICE ON DEFENDANT**

      THIS CAUSE came before the Court upon Plaintiff's Fifth Motion for Extension of Time Within Which it Has to Serve Defendant with a Summons and Complaint (the "Motion"), and the Court being duly advised in the premises does hereby:

      ORDER AND ADJUDGE: Plaintiff's Motion is granted. Plaintiff shall have until April 17, 2020, to effectuate service of a summons and Complaint upon Defendant.

      SO ORDERED this ___ day of _____, 2020.

                  By: _____
                          **UNITED STATES DISTRICT JUDGE**

# KEVIN T. CONWAY, ESQ.
## ATTORNEY AT LAW
### LICENSED IN
### N.Y., N.J., CT.

*80 Red Schoolhouse Road, Suite 110*
*Spring Valley, NY 10977*
*Tel: (845) 352-0206*
*Fax: (845) 352-0481*

*c/o DeCotiis, Fitzpatrick, Cole & Giblin, LLC*
*61 South Paramus Road, Suite 250*
*Paramus, NJ 07652*
*Tel: (201) 928-1100*

March 23, 2020

The Honorable Judge John G. Koeltl
United States Courthouse
500 Pearl Street
New York, NY 10007

| |
|---|
| Application granted. |
| SO ORDERED. |
| |
| New York, NY   /s/ John G. Koeltl |
| March 23, 2020  John G. Koeltl, U.S.D.J. |

*Re: 1:19-cv-07189-JGK Plaintiff's Fifth Letter Motion for Extension of Time within Which to Effectuate Service on Defendant*

Dear Judge Koeltl:

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff, Malibu Media, LLC, move for entry of an order extending the time within which Plaintiff has to serve the John Doe Defendant with a Summons and Complaint, and states:

1.      Plaintiff commenced this action against the internet subscriber assigned IP 98.116.191.111 ("Defendant") on July 31, 2019, at which time it filed a complaint alleging that Defendant copied and distributed one or more of Plaintiff's copyrighted works, all without Plaintiff's consent. *See* CM/ECF 1. Plaintiff asserted a claim for direct copyright infringement, and requested that Defendant delete and permanently remove, and be enjoined from continuing to infringe, Plaintiff's copyrighted works. *See id.*

2.      On September 3, 2019, Plaintiff was granted leave to serve a third-party subpoena on Defendant's ISP, Verizon, to obtain the Defendant's identifying information [CM/ECF 7].

Plaintiff issued the subpoena on September 8, 2019 and received the ISP's response on or about November 18, 2019.

3.  Upon receipt of the subscriber's identifying information, Plaintiff conducted a thorough investigation and determined that a good faith basis exists to name the subscriber as the defendant infringer.

4.  Accordingly, Plaintiff filed its Amended Complaint to name the Defendant [CM/ECF 14] and requested that the Clerk issue a summons as to the Defendant. The Court issued the summons on December 16, 2019.

5.  On or about December 19, 2019, Plaintiff sent the Summons and Amended Complaint to its process server. The process server has advised that he has been escorted to Defendant's apartment door by the doorman of the building in an attempt to serve Defendant but, there has been no response at the door. Plaintiff's process server further advised that, during his last attempt to serve the Defendant, he heard sounds from inside the apartment door, but no one answered.

6.  Due to the recent restrictions placed by health department, city officials, and our Courts due to COVID-19 virus, our process servers have restricted the amount of attempts they make on a Defendant. Therefore, at this time, Plaintiff's respectfully request this Honorable Court extend the deadlines to effectuate service until at least twenty-five days (25) after March 23, 2020.

7.  Therefore, Plaintiff has asked its process server for an affidavit detailing its service efforts, and Plaintiff will be filing its Motion for Alternate Service seeking leave of this Honorable Court to serve Defendant by alternate means subsequent to this Motion for Extension of Time.

8.  Pursuant to this Court's Order on Plaintiff's Third Motion for Extension of Time Within Which It Has to Effectuate Service on John Doe Defendant, [CM/ECF 24], Plaintiff was

required to effectuate service on the Defendant no later than March 23, 2020.

9.    Procedurally, Plaintiff respectfully requests that the time within which it has to effectuate service of the summons and Amended Complaint on Defendant be extended until at least twenty (25) days, or until April 17, 2020. The additional time will allow Plaintiff's process server time to observe the Department of Health Guidelines and adhere to the quarantine guidelines placed by local officials.

10.    This motion is made in good faith and not for the purpose of undue delay.

11.    None of the parties will be prejudiced by the granting of this extension.

WHEREFORE, Plaintiff respectfully requests that the time within which it has to effectuate service of the summons and Complaint on Defendant be extended until April 17, 2020. A proposed order is attached for the Court's convenience.


Dated: March 23, 2020                    Respectfully submitted,

                              By:    /s/ Kevin T. Conway
                                     Kevin T. Conway, Esq. (KC-3347)
                                     80 Red Schoolhouse Road, Suite 110
                                     Spring Valley, New York 10977-6201
                                     T: 845-352-0206
                                     F: 845-352-0481
                                     E-mail: ktcmalibu@gmail.com
                                     Attorney for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                              By: /s/ Kevin T. Conway

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                          :

MALIBU MEDIA, LLC,             :

                 Plaintiff,     :     Case No. 1:19-cv-07189-JGK

                          :

            vs.              :

REDACTED,             :

                          :

               Defendant.   :
-----------------------------------------------------------X

## ORDER ON PLAINTIFF'S FIFTH MOTION FOR EXTENSION OF TIME WITHIN WHICH IT HAS TO EFFECTUATE SERVICE ON DEFENDANT

THIS CAUSE came before the Court upon Plaintiff's Fifth Motion for Extension of Time Within Which it Has to Serve Defendant with a Summons and Complaint (the "Motion"), and the Court being duly advised in the premises does hereby:

ORDER AND ADJUDGE: Plaintiff's Motion is granted. Plaintiff shall have until April 17, 2020, to effectuate service of a summons and Complaint upon Defendant.

SO ORDERED this ___ day of _____, 2020.


By: _____

            **UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                           :

MALIBU MEDIA, LLC,                 :      Case No. 1:19-cv-07189-JGK

               Plaintiff,     :

            vs.           :

REDACTED                :

            Defendant.    :
-------------------------------------------------------------X

## ORDER ON PLAINTIFF'S SIXTH MOTION FOR EXTENSION OF TIME WITHIN WHICH IT HAS TO EFFECTUATE SERVICE ON DEFENDANT

THIS CAUSE came before the Court upon Plaintiff's Sixth Motion for Extension of Time Within Which it Has to Serve Defendant with a Summons and Complaint (the "Motion"), and the Court being duly advised in the premises does hereby:

ORDER AND ADJUDGE: Plaintiff's Motion is granted. Plaintiff shall have until June 5, 2020, to effectuate service of a summons and Complaint upon Defendant.

SO ORDERED this ___ day of _____, 2020.

By: _____
       **UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
                                                    :
MALIBU MEDIA, LLC,                                  :
                                                    :       Case No. 1:19-cv-07189-JGK
                        Plaintiff,                  :
                                                    :
            vs.                                     :
                                                    :
REDACTED                                            :
                                                    :
                        Defendant.                  :
-------------------------------------------------------X

## ORDER ON PLAINTIFF'S SIXTH MOTION FOR EXTENSION OF TIME WITHIN WHICH IT HAS TO EFFECTUATE SERVICE ON DEFENDANT

THIS CAUSE came before the Court upon Plaintiff's Sixth Motion for Extension of Time Within Which it Has to Serve Defendant with a Summons and Complaint (the "Motion"), and the Court being duly advised in the premises does hereby:

ORDER AND ADJUDGE: Plaintiff's Motion is granted. Plaintiff shall have until June 5, 2020, to effectuate service of a summons and Complaint upon Defendant.

SO ORDERED this 22 day of _____April_____, 2020.


By: _____/s/ John G. Koeltl_____
                **UNITED STATES DISTRICT JUDGE**

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
                                 :

MALIBU MEDIA, LLC,            :

           Plaintiff,      :     Case No. 1:19-cv-07189-JGK

                                 :

        vs.                   :

REDACTED,                      :

           Defendant.    :
---------------------------------------------------------X

## MOTION FOR ALTERNATE SERVICE ON DEFENDANT YI-TING CHEN

NOW COMES the Plaintiff, Malibu Media, LLC, through the undersigned attorneys, who moves under Federal Rule of Civil Procedure 4(e)(1), and New York Consolidated Laws CVP § 308(5), for an order permitting alternate service of the December 16, 2019 Summons and Amended Complaint on Defendant REDACTED as follows:

1.    This Court should permit alternate service of the summons and Amended Complaint on Defendant REDACTED, because Plaintiff has tried unsuccessfully to serve REDACTED personally several times, thus making personal service impracticable.

2.    This Court should permit alternate service of the summons and complaint on Defendant REDACTED, because the proposed alternate service is reasonably calculated to give REDACTED notice and an opportunity to be heard in this action, thus according with the basic procedural due process requirements.

3.    As shown in the attached sworn affidavits of process server Frederick Pringle and Euclide Decastro, Mr. Pringle attempted to serve Defendant REDACTED two times at REDACTED last known address, REDACTED (the "Last Known Address").

See Affidavit of Attempted Service sworn to by Frederick Pringle, attached hereto as Exhibit "A."

4.      During each service attempt, there was no answer at the residence. Id. On January

15, 2020, the doorman at the building attempted to contact Defendant but there was no answer *Id*.

On January 22, 2020, Mr. Pringle was escorted by the doorman to Defendant's apartment. Mr.

Pringle knocked on the door but here was no answer *Id*.

5.      On January 23, 2020 Plaintiff's process server, Mr. Euclide Decastro attempted to

serve Defendant. Mr. Decastro noted that he heard sounds inside the apartment, but no one

answered.

6.      Plaintiff, via the process servers, have tried to serve Defendant REDACTED and

the process server has concluded that he failed to serve Defendant at the Last Known Address.

7.      As a result, personal service is impracticable.

8.      However, the proposed alternate service requested in paragraph B below is

reasonably calculated to notify the Defendant of the action and give REDACTED an opportunity to be

heard.

9.      Due to Plaintiff's diligence in attempting to serve despite Defendant's possible

avoidance of service, Plaintiff also requests twenty-one days from the date of an Order on this

Motion to serve Defendant REDACTED by alternate service.

10.     A memorandum of law in support of this motion, and proposed order are filed

contemporaneously herewith.

THEREFORE, Plaintiff respectfully requests this Court to:

A.  Grant this motion.

B.  Permit Plaintiff twenty-one (21) days to serve Defendant REDACTED by alternate

    service, including posting at REDACTED Last Known Address and sending a summons and copy

of the Amended Complaint by registered or certified mail, return receipt requested, and

delivery restricted to the addressee at the Last Known Address.

Dated: May 15, 2020                          Respectfully submitted,

                                         By: /s/ *Kevin T. Conway*
                                         Kevin T. Conway, Esq. -KC-3347
                                         80 Red Schoolhouse Road, Suite 110
                                         Spring Valley, NY. 10977
                                         T: 845-352-0206
                                         F: 845-352-0481
                                         E-mail: ktcmalibu@gmail.com
                                         *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                         By: /s/ *Kevin T. Conway*
                                         Kevin T. Conway, Esq.

**DEMOVSKY LAWYER SERVICE**
Premier Nationwide Document Retrieval and Process Service Company
800-443-1058

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------X

MALIBU MEDIA, LLC,

        Plaintiff,

        v.

REDACTED

        Defendant.

--------------------------------------------------X

Civil Action No. 1:19-cv-07189-JGK

**AFFIDAVIT OF
ATTEMPTED SERVICE**

STATE OF NEW YORK   }
              S.S.
COUNTY OF NEW YORK)

    **FREDERICK PRINGLE**, being duly sworn, deposes and says that he is over the age of eighteen years, is employed by the attorney service, D.L.S., Inc., and is not a party to this action.

    That on the 15th day of January, 2020, at approximately 1:43 pm, deponent attempted to serve a true copy of the **SUMMONS IN A CIVIL ACTION, AMENDED COMPLAINT— ACTION FOR DAMAGES FOR PROPERTY RIGHTS INFRINGEMENT, ORDER ON PLAINTIFF'S SECOND MOTION TO ADJOURN INITIAL PRETRIAL CONFERENCE AND EXTEND THE DEADLINE TO FILE A JOINT DISCOVERY/CASE MANAGEMENT PLAN, AND NOTICE OF FILING RULE 7.1 DISCLOSURE STATEMENT** upon REDACTED at REDACTED, but the doorman called up and there was no answer to the apartment.

    That on the 22nd day of January, 2020, at approximately 10:00 am, deponent attempted to serve a true copy of the **SUMMONS IN A CIVIL ACTION, AMENDED COMPLAINT— ACTION FOR DAMAGES FOR PROPERTY RIGHTS INFRINGEMENT, ORDER ON PLAINTIFF'S SECOND MOTION TO ADJOURN INITIAL PRETRIAL CONFERENCE AND EXTEND THE DEADLINE TO FILE A JOINT DISCOVERY/CASE MANAGEMENT PLAN, AND NOTICE OF FILING RULE 7.1 DISCLOSURE**

.S., Inc.
| Broadway
. 510
w York, NY 10013
.-925-1220
w.dlsnational.com

**DLS** **DEMOVSKY LAWYER SERVICE**
Premier Nationwide Document Retrieval and Process Service Company
800-443-1058

**STATEMENT** upon REDACTED at REDACTED , but deponent was escorted by security to the apartment and there was no answer to the apartment door.

**FREDERICK PRINGLE, #2067891**

Sworn to before me this
14th day of February, 2020

NOTARY PUBLIC

JONATHAN RIPPS
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01RI6109718
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 17, 2020

S., Inc.
Broadway
510
York, NY 10013
925-1220
v.dlsnational.com

**DEMOVSKY LAWYER SERVICE**
Premier Nationwide Document Retrieval and Process Service Company
800-443-1058

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
MALIBU MEDIA, LLC,

        Plaintiff,

    v.

REDACTED

        Defendant.
-------------------------------------------------X

Civil Action No. 1:19-cv-07189-JGK

**AFFIDAVIT OF
ATTEMPTED SERVICE**

STATE OF NEW YORK  }
        S.S.
COUNTY OF NEW YORK)

    **EUCLIDE DECASTRO**, being duly sworn, deposes and says that he is over the age of eighteen years, is

employed by the attorney service, D.L.S., Inc., and is not a party to this action.

    That on the 23rd day of January, 2020, at approximately 6:30 pm, deponent attempted to serve a true copy

of the **SUMMONS IN A CIVIL ACTION, AMENDED COMPLAINT— ACTION FOR DAMAGES FOR PROPERTY**

**RIGHTS INFRINGEMENT, ORDER ON PLAINTIFF'S SECOND MOTION TO ADJOURN INITIAL PRETRIAL**

**CONFERENCE AND EXTEND THE DEADLINE TO FILE A JOINT DISCOVERY/CASE MANAGEMENT PLAN, AND**

**NOTICE OF FILING RULE 7.1 DISCLOSURE STATEMENT** upon  REDACTED

REDACTED, but deponent heard sounds inside, but no one came to the door.

*Euclide P.*

**EUCLIDE DECASTRO, #2079464**

Sworn to before me this
14th day of February, 2020

_____
NOTARY PUBLIC

JONATHAN RIPPS
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01RI6109718
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 17, 2020

D.L.S., Inc.
401 Broadway
Ste. 510
New York, NY 10013
212-925-1220
www.dlsnational.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
                                                                :
MALIBU MEDIA, LLC,                                              :
                                                                :          Case No. 1:19-cv-07189-JGK
                            Plaintiff,                          :
                                                                :
            vs.                                                 :
                                                                :
REDACTED,                                                       :
                                                                :
                            Defendant.                          :
----------------------------------------------------------------X

## ORDER ON PLAINTIFF'S MOTION FOR ALTERNATE SERVICE ON DEFENDANT REDACTED

THIS CAUSE came before the Court upon Plaintiff's Motion for Alternate Service on Defendant REDACTED the ("Motion"), pursuant to Fed. R. Civ. P. 4(e)(1), and New York Consolidated Laws CVP § 308(5). This is a case for copyright infringement arising under United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. The Court being duly advised in the premises does hereby:

ORDER AND ADJUDGE:

1. Plaintiff's Motion is granted.

2. Plaintiff is permitted to serve Defendant REDACTED by alternate service, including posting a summons and copy of the Amended Complaint at ■ Last Known Address and sending a copy by registered or certified mail, return receipt requested, and delivery restricted to the addressee at the Last Known Address, REDACTED ██████████.

3. Plaintiff shall have twenty-one (21) days from the date of this Order to serve Defendant REDACTED by alternate service.

4. Defendant shall have twenty-one (21) days from acknowledgement of the receipt of mail to file an Answer or other responsive pleading with this Court.

5. If the Defendant fails to do so, he will be subject to Default.

SO ORDERED this ___ day of _____, 2020.


By: _____
   **UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
                                  :

MALIBU MEDIA, LLC,                 :

                       Plaintiff,     :         Case No. 1:19-cv-07189-JGK

                                    :

             vs.                    :

**REDACTED**                      :

                                    :

                     Defendant.    :
---------------------------------------------------------------X

<u>**BRIEF IN SUPPORT OF MOTION FOR**</u>
<u>**ALTERNATE SERVICE ON DEFENDANT YI-TING CHEN**</u>

Plaintiff hereby respectfully requests that this court should permit alternate service of the summons and Amended Complaint on Defendant **REDACTED**, because personal service is impracticable, and the proposed alternate service is reasonably calculated to give Defendant notice and an opportunity to be heard in this action, thus according with the basic due process requirements.

With irrelevant exceptions, such as minors or incompetents, "service upon an individual…may be effected in any judicial district of the United States:

> ( 1) pursuant to the law of the state in which the judicial district is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the Courts of general jurisdiction of the State …

Fed. R. Civ. P. 4(e)(l).

The applicable state and state law is New York, and the New York Consolidated Laws define New York law regarding service of a summons and complaint. Under these rules, where personal service is impracticable, the court has discretion to permit alternate service:

Personal service upon a natural person shall be made by any of the following methods:... (5) in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

New York Consolidated Laws CVP § 308(5).

The affidavits of process servers, Frederick Pringle and Euclide Decastro, are attached as Exhibit "A" to the Motion for Alternate Service. These affidavits detail the attempts that Mr. Pringle and Mr. Decastro made to serve Defendant REDACTED and demonstrates that Defendant REDACTED is avoiding service.

In this matter, personal service is impracticable, and alternate service is essential. In this situation, the applicable New York Consolidated Laws permit Plaintiff's proposed alternate service. Plaintiff's multiple attempts to serve Defendant REDACTED personally at REDACTED Last Known Address have been unsuccessful. However, Plaintiff has concluded that Defendant resides at the Last Known Address and is avoiding service.

Plaintiff requests that the Court allow service to be effected under New York Consolidated Laws CVP § 308(4):

[W]here service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the ... dwelling place or usual place of abode within the state of the person to be served and by ... mailing the summons to such person at his or her last known residence ... in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other[.]

Accordingly, Plaintiff's proposed alternate service is reasonably calculated to notify Defendant REDACTED of this action and give him an opportunity to be heard. Thus, an alternate service order is justified and necessary. Due to Plaintiff's diligence in attempting to serve, Plaintiff also requests twenty-one days from the date of an Order on this Motion to serve Defendant REDACTED REDACTED by alternate service. A proposed order is filed contemporaneously herewith.

**CONCLUSION**

THEREFORE, PLAINTIFF respectfully requests this Court to:

A. Grant this motion.

B. Permit Plaintiff twenty-one days to serve Defendant REDACTED by alternate service including posting at ▇ Last Known Address and sending a summons and copy of the Amended Complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee at the Last Known Address.

Dated: May 15, 2020

Respectfully submitted,

By: /s/ *Kevin T. Conway*
Kevin T. Conway, Esq. (KC-3347)
80 Red Schoolhouse Road, Suite 110
Spring Valley, NY. 10977
T: 845-352-0206
F: 845-352-0481
E-mail: ktcmalibu@gmail.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Kevin T. Conway*
Kevin T. Conway, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALIBU MEDIA, LLC,

                           Plaintiff,

        - against -                              19cv7189 (JGK)

REDACTED,                                        ORDER

                           Defendant.

JOHN G. KOELTL, District Judge:

     The time to file a Rule 26(f) report is extended to July

17, 2020. The initial conference is adjourned to July 24, 2020

at 10:00 AM. The request to permit alternative service of the

summons and amended complaint is **denied without prejudice**. Three

efforts to serve by the process server all within a single ten-

day period are insufficient at this time to demonstrate that

personal service is impracticable. See Silverman v. Sito

Marketing LLC, No. 14-cv-3932, 2015 WL 13651281, at *5 (E.D.N.Y.

Mar. 9, 2015) (finding that impracticability to effect service

by traditional methods had not been established because, among

other reasons, the process server had made "limited efforts").

SO ORDERED.
Dated:    New York, New York
          May 18, 2020              /s/ John G. Koeltl
                                 _____
                                    John G. Koeltl
                            United States District Judge

**DLS DEMOVSKY LAWYER SERVICE**
Premier Nationwide Document Retrieval and Process Service Company
800-444-1058

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MALIBU MEDIA, LLC,

        *Plaintiff(s),*

        v.

REDACTED

        *Defendant(s).*
------------------------------------------------------------X

Civil Action No. 1:19-cv-07189-JGK

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  }
            S.S.
COUNTY OF NEW YORK}

      FREDERICK PRINGLE, being duly sworn, deposes and says that he is over eighteen years of age, is employed by the attorney service, DLS, INC., and is not a party to this action.

      That on the 25th day of June, 2020, at approximately the time of 12:40 pm, deponent served a true copy of the SUMMONS IN A CIVIL ACTION, AMENDED COMPLAINT-- ACTION FOR DAMAGES FOR PROPERTY RIGHTS INFRINGEMENT, ORDER ON PLAINTIFF'S SECOND MOTION TO ADJOURN INITIAL PRETRIAL CONFERENCE AND EXTEND THE DEADLINE TO FILE A JOINT DISCOVERY/CASE MANAGEMENT PLAN, AND NOTICE OF FILING RULE 7.1 DISCLOSURE STATEMENT upon REDACTED at REDACTED , by personally delivering and leaving the same with REDACTED at that address. At the time of service, deponent asked REDACTED whether he is in active military service for the United States of America or for the State in any capacity whatever or dependent upon a person in active military service and received a negative reply.

      YI-TING CHEN is an REDACTED approximately REDACTED years of age, stands approximately REDACTED feet REDACTED inches tall, weighs approximately REDACTED pounds with REDACTED hair and REDACTED eyes.

FREDERICK PRINGLE, #2067891
Sworn to before me this
29th day of June, 2020

NOTARY PUBLIC

JONATHAN RIPPS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RI6109718
Qualified in New York County
My Commission Expires May 17, 2024

D.L.S., Inc.
401 Broadway
Ste. 510
New York, NY 10013
212-925-1220
www.dlsnational.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                :

MALIBU MEDIA, LLC,                     :

                    Plaintiff,      :         Case No. 1:19-cv-07189-JGK

           vs.               :

REDACTED,                    :

                   Defendant.    :
------------------------------------------------------------X

## ORDER ON PLAINTIFF'S SIXTH MOTION TO ADJOURN INITIAL PRETRIAL CONFERENCE AND EXTEND THE DEADLINE TO FILE A JOINT DISCOVERY/ CASE MANAGEMENT PLAN

       THIS CAUSE came before the Court upon Plaintiff's Fifth Motion to Extend the Deadline to File a Joint Discovery/Case Management Plan and to Adjourn Initial Pretrial Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

       ORDERED and ADJUDGED: Plaintiff's Motion is **GRANTED**. The Initial Pretrial Scheduling Conference on the above matter is now set for _____.

       **DONE AND ORDERED** this ___ day of _____, 2020.

                       By: _____
                                  **UNITED STATES DISTRICT JUDGE**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MALIBU MEDIA, LLC,

                Plaintiff,

        vs.

REDACTED,

                Defendant.

------------------------------------------------------------X

Case No. 1:19-cv-07189-JGK

**CLERK'S CERTIFICATE
OF DEFAULT**

I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action was commenced on July 31, 2019, with the filing of a summons and complaint, that an Amended Complaint was filed on December 15, 2019, a copy of the summons and Amended Complaint were duly served upon Defendant, REDACTED via individual service on June 25th, 2020, *and proof of service was therefore filed on July 8th, 2020, Doc. #35.*

I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated: New York, New York

         _____, 2020.

                        RUBY J. KRAJICK
                        Clerk of Court

                        By:_____
                              Deputy Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                        :

MALIBU MEDIA, LLC,            :     Case No. 1:19-cv-07189-JGK

                        :

          Plaintiff,       :

                        :

        vs.              :

REDACTED,               :

                        :

         Defendant.    :
------------------------------------------------------------X

## DECLARATION IN SUPPORT OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT

I, Kevin T. Conway, declare under penalty of perjury that the following facts are true and correct to the best of my information and belief:

1.     I am the attorney for the Plaintiff in this action.

2.     A Complaint was filed herein on July 31, 2019 [CM/ECF 1].

3.     This is a case for copyright infringement arising under United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

5.     Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over defendant because (i) Defendant committed

the tortious conduct in this State, (ii) Defendant resides in this State, and/or (iii) Defendant has

engaged in substantial and not isolated business activity in this State

      6.     Indeed, Defendant resides in the State of New York at **REDACTED**

**REDACTED**. As such, this Court has personal jurisdiction.

      7.     On December 15, 2019, Plaintiff filed its Amended Complaint [CM/ECF 14].

      8.     Service of summons and Amended Complaint were obtained as follows:

| Defendant | Date of Service, Type of Service |
|---|---|
| REDACTED | June 25, 2020, Individual Service |

      9.     According to New York Civil Practice Law and Rules §308, service of process on

an individual is accomplished by delivering the summons within the state to the person to be

served.

      10.     The Affidavit of Service details that the process server served the Defendant at his

usual place of abode by delivering a copy of the summons and amended complaint by the

methods described above. [CM/ECF 35]. Thus, service is appropriate.

      11.     More than twenty-one (21) days have elapsed since the Defendant, **REDACTED**,

in this action was served, and the Defendant **REDACTED** has failed to plead or otherwise defend

this action as provided by the Federal Rules of Civil Procedure.

      12.     Defendant, **REDACTED**, on information and belief, is not a minor, incompetent,

or on active duty in the U.S. Military.

## <u>DECLARATION</u>

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury under the

laws of the United States of America that the foregoing is true and correct.

Executed on this 24th day of July, 2020.

By:   _____

Kevin T. Conway, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

MALIBU MEDIA, LLC,

                    Plaintiff,

         vs.

REDACTED ,

                 Defendant.

----------------------------------------------------------X

Case No. 1:19-cv-07189-JGK

**CLERK'S CERTIFICATE
OF DEFAULT**

I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action was commenced on July 31, 2019, with the filing of a summons and complaint, that an Amended Complaint was filed on December 15, 2019, a copy of the summons and Amended Complaint were duly served upon Defendant, REDACTED via individual service on June 25th, 2020, *and proof of service was therefore filed on July 8th, 2020, Doc. #35.*

I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated: New York, New York

    July 27 , 2020.

                                RUBY J. KRAJICK
                                Clerk of Court

                          By: K Mango

                              Deputy Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                              :

MALIBU MEDIA, LLC,               :

                    Plaintiff,      :     Case No. 1:19-cv-07189-JGK

                              :

                    vs.            :

REDACTED,                    :

                              :

                    Defendant.   :
------------------------------------------------------------X

## MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT
## AGAINST DEFENDANT REDACTED

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 55, and Local Rule 55.2, hereby files its Motion for Entry of Final Default Judgment ("Motion") against Defendant, REDACTED ("Defendant"), and in support thereof, states:

    1.    This is a case for copyright infringement arising under United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

    2.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

    3.    Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over defendant because (i) Defendant

committed the tortious conduct in this State, (ii) Defendant resides in this State, and/or (iii)

Defendant has engaged in substantial and not isolated business activity in this State.

4. Indeed, Defendant resides in the **REDACTED**
**REDACTED**.

5. On July 31, 2019, Plaintiff filed its Complaint in this action [CM/ECF 1].

6. On December 15, 2019, Plaintiff filed its Amended Complaint [CM/ECF 14].

7. Service of summons and Amended Complaint was obtained as follows:

| Defendant | Date of Service, Type of Service |
|---|---|
| REDACTED | June 25, 2020, Individual Service |

8. Pursuant to New York Civil Practice Law and Rules §308, personal service on a

natural person shall be made by delivering the summons within the state to the person to be served.

9. The Affidavit of Service [CM/ECF 35] describes personal service on the Defendant. Thus,

service is appropriate.

10. Defendant has failed to plead or otherwise defend REDACTED against Plaintiff's

Amended Complaint.

11. A Clerk's Certificate of Default was issued as to Defendant REDACTED on July

27, 2020 [CM/ECF 39].

12. Defendant is not an infant, an incompetent person or in active military service. *See*

Decl. of Kevin T. Conway, Esq.

13. This Motion is based on the allegations in Plaintiff's Amended Complaint.

Defendant has admitted all of the facts alleged therein by failing to plead or otherwise respond to

the Amended Complaint. *See, e.g., Malibu Media, LLC v. Ofiesh*, No. 1:16-CV-202 (FJS/DEP),

2017 U.S. Dist. LEXIS 93463, at *3 (N.D.N.Y. June 19, 2017); *Greyhound Exhibitgroup, Inc. v.*

*E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citation omitted); *see also Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 726 (W.D.N.Y. 2011) (citation omitted).

14.     This Motion is further based on the facts attested to in the Declaration of Kevin T. Conway, Esq., and the record of the proceedings and papers on file herein.  These materials are sufficient to justify the requested relief.

WHEREFORE, Plaintiff, Malibu Media, LLC, respectfully requests entry of a final judgment as a result of default in favor of Plaintiff and against Defendant, REDACTED, in the form of the Proposed Final Default Judgment and Permanent Injunction attached hereto, and for such other and further relief this Court deems just and proper. A *proposed* Order to Show Cause Why Court Should Not Enter Default Judgment Against Defendant REDACTED is attached to this instant filing.

Dated:  July 30, 2020                    Respectfully Submitted,

                                         By:   */s/ Kevin T. Conway*
                                               Kevin T. Conway (KC-3347)
                                               80 Red Schoolhouse Road, Suite 110
                                               Spring Valley, NY 10977
                                               T: (845) 352-0206
                                               F: (845) 352-0481
                                               Email: ktcmalibu@gmail.com
                                               *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2020, I electronically filed the foregoing document with the Clerk of the Court and all parties using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document via U.S. Mail to the persons set forth in the Service List below.

By: /s/ *Kevin T. Conway*
Kevin T. Conway, Esq.

**Service List**



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                        :

MALIBU MEDIA, LLC,           :

                      :     Case No. 1:19-cv-07189-JGK

          Plaintiff,     :

                      :

        vs.            :

REDACTED,             :

                      :

          Defendant.    :
-----------------------------------------------------------X

## [PROPOSED] FINAL DEFAULT JUDGMENT AND
## PERMANENT INJUNCTION AGAINST REDACTED

THIS CAUSE is before the Court on Plaintiff's Motion for Final Default Judgment

Against REDACTED ("Motion"). Having considered the Motion, being otherwise duly

advised in the premises, and good cause appearing, the Court hereby

**FINDS:**

1.    The address of Plaintiff is:

    30700 Russell Ranch Road, Suite 250,
    Westlake Village, CA, 91362

    The name and address of Defendant is:



2.    This Court has jurisdiction over the subject matter of this case and the parties.

3.    Venue is proper in this District.

4.    The Amended Complaint states claims for direct copyright infringement, in

violation of 17 U.S.C. § 101, and contributory copyright infringement upon which relief may be granted against Defendant.

5.     Defendant has failed to plead or otherwise defend against Plaintiff's Amended Complaint in this action.

6.     A Certificate of Default was issued as to Defendant on July 27, 2020.

7.     Defendant is not an infant, incompetent person or in active military service.

8.     By reason of default, Defendant has admitted the truth of the allegations in Plaintiff's Amended Complaint.

9.     Under Count I of the Amended Complaint, Defendant is hereby found liable to Plaintiff for willfully committing direct copyright infringement.

10.     Defendant will continue to cause Plaintiff irreparable injury. Specifically, there is an existing threat of continued violations of Plaintiff's exclusive rights to reproduce, distribute, perform and display the sixteen (16) copyrighted works listed on Exhibit A attached hereto (the "Works") through Defendant's use of the BitTorrent protocol to upload and download the Works between and among peer users without authorization from Plaintiff.

11.     There will be no injury to Defendant caused by entry of a permanent injunction requiring Defendant to cease infringing Plaintiff's Works.

12.     Entry of a permanent injunction against Defendant "will not disserve the public interest; in fact, to the contrary, it will protect copyrighted material and encourage compliance with the Copyright Act." *Malibu Media, LLC v. Ofiesh*, No. 1:16-CV-202 (FJS/DEP), 2017 U.S. Dist. LEXIS 93463, at *8 (N.D.N.Y. June 19, 2017)

13.     In accordance with Rule 65(d), Federal Rules of Civil Procedure, this Default Judgment shall be binding upon Defendant and all other persons in active concert or participation

2

with Defendant who receives actual notice of this Default Judgment.

14.     Plaintiff has submitted a Declaration demonstrating that Plaintiff expended a total of $594.00 in costs, which amount this Court finds reasonable.

Based on the foregoing findings, it is:

**ORDERED AND ADJUDGED** that Defendant REDACTED:

a) shall pay to Plaintiff the sum of $12,000.00 in statutory damages, as authorized under 17 U.S.C. § 504(c)(1), and $594.00 costs, as authorized under 17 U.S.C. § 505, making a total of $12,59400, **for which let execution issue forthwith**;

b) shall pay to Plaintiff post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961 as of the date of this Default Judgment until the date of its satisfaction;

c) be and hereby is enjoined from directly, contributorily or indirectly infringing Plaintiff's rights under federal or state law in the Works, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority or Plaintiff;

d) Be and is hereby ordered to destroy all copies of Plaintiff's works that the Defendant REDACTED has downloaded onto any computer hard drive or server without Plaintiff's authorization, and shall destroy all copies of the Works transferred onto any physical medium or device in Defendant REDACTED possession, custody, or control; and,

e) The Court shall retain jurisdiction over this action for six months or until the judgment is satisfied to entertain such further proceedings supplementary and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this

Default Judgment.

**DONE AND ORDERED** this_____day of_____, 2020.


By: _____

_____
**UNITED STATES DISTRICT JUDGE**

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
MALIBU MEDIA, LLC,                       :
:         Case No. 1:19-cv-07189-JGK
                    Plaintiff,           :
:
            vs.                          :
:
REDACTED,                                :
:
:
                    Defendant.           :
------------------------------------------------------------X

## ORDER TO SHOW CAUSE WHY COURT SHOULD NOT ENTER DEFAULT JUDGMENT AGAINST DEFENDANT REDACTED

The Defendant shall respond in writing to this Order to Show Cause for a default judgment

by _____. If the Defendant fails to respond by that date, judgment may be entered against them

and the Defendant will have no trial. The Plaintiff may reply by _____. The Plaintiff shall

serve a copy of this Order to Show Cause by _____ and shall file proof of service by _____.

No personal appearances are required in connection with this Order to Show Cause.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE
JOHN G. KOELTL

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

MALIBU MEDIA, LLC,         :

                                :    Case No. 1:19-cv-07189-JGK

             Plaintiff,      :

                                :

         vs.                  :

REDACTED,               :

                                :

           Defendant.     :

-----------------------------------------------------------------X

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST
## DEFENDANT REDACTED

Table of Contents

I. INTRODUCTION .................................................................................................. 5

II. PROCEDURAL BACKGROUND ........................................................................ 5

III. DEFAULT JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANT ................... 6

    A.  This Court has Subject Matter and Personal Jurisdiction .............................. 6

    B.  Entry of Default Judgment is Factually and Legally Appropriate ................... 6

        1.  Defendant's Default Concedes the Truth of the Facts Alleged in the Amended Complaint .............................................................................................. 6

        2.  Plaintiff's Allegations Are Factually and Legally Sufficient to Support its Claims of Copyright Infringement ...................................................... 7

           a.  Plaintiff Has Demonstrated Ownership of a Valid Copyright ......................... 7

           b.  Plaintiff Has Demonstrated Direct Copyright Infringement by Defendant ...... 7

    C.  Statutory Damages Should be Awarded to Plaintiff ..................................... 12

    D.  Injunctive Relief Should be Awarded to Plaintiff ........................................ 14

    E.  Costs of Suit Should be Awarded to Plaintiff ............................................. 17

IV. CONCLUSION .................................................................................................. 18

TABLE OF AUTHORITIES

**Cases**

*A&N Music Corp. v. Venezia*, 733 F. Supp. 955 (E.D. Pa. 1990) ................................................ 18

*Achte/Neunte Boll King Beteiligungs GMBH & Co KG v. Palmer*, 2011 WL 4632597 (M.D. Fla. 2011) ........................................................................................................................................... 14

*Arista Records, Inc. v. Becker Enterprises, Inc.*, 298 F. Supp. 2d 1310 (S.D.FL.2003) ............... 9

*Axact (PVT), Ltd. v. Student Network Resources, Inc.*, 2008 WL 4754907 (D.N.J. 2008) .... 17, 18

*BMG Music v. Gonzalez*, 430 F.3d 888 (7th Cir. 2005) .................................................................. 9

*Boost Worldwide, Inc. v. Summit City Check Cashing*, No. 5:11CV2466, 2012 U.S. Dist. LEXIS 39770 (N.D. Ohio Feb. 22, 2012) ............................................................................................... 9

*Christ Ctr. of Divine Philosophy, Inc. v. Elam*, No. CIV-16-65-D, 2017 U.S. Dist. LEXIS 19140 (W.D. Okla. Feb. 10, 2017) ........................................................................................................... 9

*Columbia Pictures Television, Inc., v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001), *cert. denied*, 534 U.S. 1127, 112 S.Ct. 1063 (2002) ................................................ 12

*D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29 (2d Cir. 1990) ................................................ 14

*Donkeyball Movie, LLC v. Does 1-171*, 2011 WL 1807452 (D.D.C. 2011) ................................ 12

*DSC Comms. Corp. v. DGI Tech., Inc.*, 81 F.3d 597 (5th Cir. 1996) ........................................... 17

*eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006)....... 15

*Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991) ............................................................................................................................... 7

*Fustock v. ContiCommodity Servs., Inc.*, 873 F.2d 38 (2d Cir. 1989) ......................................... 14

*Getaped.com, Inc. v Cangemi*, 188 F. Supp. 2d 398 (S.D.N.Y. 2002) ........................................ 14

*Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716 (W.D.N.Y. 2011) ........ 7

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155 (2d Cir. 1992) ........... 7, 11

*John Wiley & Son, Inc. v. Williams*, 2012 U.S. Dist. LEXIS 162741 (S.D.N.Y. Oct. 26, 2012) 11, 12

*Liberty Media Holdings, Inc. v. Quynn Alan Phillips, Everette v. Astrue*, No. 3:11-cv-00029-JAH-JMA, ECF No. 12 (S.D. Cal. June 6, 2011) ................................................................... 14

*Malibu Media, LLC v. Ofiesh*, No. 1:16-CV-202 (FJS/DEP), 2017 U.S. Dist. LEXIS 93463 (N.D.N.Y. June 19, 2017) ............................................................................................... 6, 7, 16, 17

*McGraw-Hill Glob. Educ. Holdings, LLC v. Khan*, 2018 U.S. Dist. LEXIS 104988 (S.D.N.Y. June 22, 2018) ............................................................................................................................. 17

*Medias & Co., Inc. v. Ty, Inc.*, 106 F.Supp.2d 1132 (D. Colo. 2000) ......................................... 16

*Microsoft Corp. v. Big Boy Distribution LLC*, 589 F.Supp.2d 1308 (S.D. Fla. 2008) ................. 16

*Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59 (1st Cir. 2002) ............................................................ 14

*Rural Telephone Service Co., Inc. v. Feist Pubs., Inc.*, 1992 WL 160890 (D. Kan. 1992) .......... 18

*Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 489-96, 497-501 (1st Cir. 2011)............ 12

*Stevens v. Aeonian Press, Inc.*, 2002 U.S. Dist. LEXIS 20189 (S.D.N.Y. Oct. 22, 2002) .......... 18

*Virgin Records America, Inc. v. Bagan*, 2009 WL 2170153 (D.N.J. 2009) ................................ 12

*Warner Bros. Records, Inc., v. Novak*, 2007 WL 1381748 (D.N.J. 2007) ................................... 17

**Statutes**

17 U.S.C. § 101 .................................................................................................... 6
17 U.S.C. § 106 .................................................................................................... 12
17 U.S.C. § 502 .................................................................................................... 15
17 U.S.C. § 503 .................................................................................................... 15
17 U.S.C. § 504 .................................................................................................... 12
17 U.S.C. § 505 .................................................................................................... 17
28 U.S.C. § 1331 .................................................................................................. 6
17 U.S.C. § 1338 .................................................................................................. 6
Fed. R. Civ. P. 55 ................................................................................................ 5
New York Civil Practice Law and Rules §308 ................................................... 6

**Other Sources**

Digital Theft Deterrence Act of 1999, H.R. Rep. No. 106-216, at 3 (1999) ................................ 13
"Music, How, When and Where You Want It", International Federation for Phonographic
  Industry .................................................................................................... 10
Princeton study - 99% of BitTorrent files pirated" by George Ou, originally posted January 29,
  2010 on http://www.digitalsociety.org/2010/01/princeton-study-99-of-bittorrent-files-pirated/
  .................................................................................................... 9-10
Testimony of Scott Turow President of the Authors Guild Before the Senate Judiciary
  Committee at http://www.judiciary.senate.gov/pdf/11-2-16%20Turow%20Testimony.pdf.... 10

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed.R.Civ.P. 55, hereby files its Memorandum of Points and Authorities in Support of its Motion for Final Default Judgment ("Motion") filed contemporaneously herewith against Defendant, REDACTED ("Defendant"), and in support thereof, states:

## I. INTRODUCTION

Plaintiff seeks entry of default judgment against Defendant for failure to plead or otherwise defend against Plaintiff's Amended Complaint for direct copyright infringement of Plaintiff's motion picture works listed on Exhibit A attached hereto (the "Works") using the internet and the BitTorrent protocol. Defendant, by reason of default, is taken to have conceded the truth of the factual allegations in the Amended Complaint. Plaintiff, therefore, now seeks entry of default judgment by the Court awarding (a) statutory damages under the Copyright Act, (b) the costs incurred by Plaintiff in this action, and (c) injunctive relief to prevent further infringement by Defendant.

## II. PROCEDURAL BACKGROUND

1.     On July 31, 2019, Plaintiff filed the Complaint in this action.  [CM/ECF 1].

2.     On August 7, 2019, Plaintiff filed its Letter Motion for Leave to file Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference requesting the Court's authorization to serve discovery on the Doe Defendant's Internet Service Provider ("ISP") in order to learn the Defendant's true identity [CM/ECF 6].  The Court granted this motion on September 3, 2019 [CM/ECF 7].

3.     Pursuant to the issuance of the third party subpoena, Defendant's ISP disclosed Defendant's true identity to Plaintiff.  *See* Decl. of Kevin T. Conway, Esq. attached hereto as Exhibit "B."

4.    On December 15, 2019, Plaintiff filed its Amended Complaint in this action. [CM/ECF 14].

5.    Plaintiff served Defendant ████████ with a Summons and Amended Complaint on June 25, 2020. *See* Affidavit of Service [CM/ECF 35].

6.    Defendant failed to plead or otherwise defend against Plaintiff's Amended Complaint.

7.    A Clerk's Certificate of Default was issued as to Defendant ████████ on July 27, 2020 [CM/ECF 39].

8.    Defendant is not a minor, incompetent person or in active military service. *See* Decl. of Kevin T. Conway, Esq.

## III.    DEFAULT JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANT

### A.    This Court has Subject Matter and Personal Jurisdiction

This is a case for copyright infringement arising under United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

8.    This Court has personal jurisdiction over the Defendant, a New York resident, who was properly served via individual service. New York Civil Practice Law and Rules §308 allow for personal service by delivering the summons within the state to the person to be served. In this case, all requirements for personal service have been met [CM/ECF 35].

### B.    Entry of Default Judgment is Factually and Legally Appropriate

**1.  Defendant's Default Concedes the Truth of the Facts Alleged in the Amended Complaint.**

6

By defaulting, Defendant admitted the truth of the allegations of the Amended Complaint. *See, e.g., Malibu Media, LLC v. Oftesh*, No. 1:16-CV-202 (FJS/DEP), 2017 U.S. Dist. LEXIS 93463, at *3 (N.D.N.Y. June 19, 2017); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citation omitted); *see also Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 726 (W.D.N.Y. 2011) (citation omitted).

### 2. Plaintiff's Allegations Are Factually and Legally Sufficient to Support its Claims of Copyright Infringement.

Plaintiff's allegations in the Amended Complaint support its copyright infringement claims. It is well-settled that "[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991).

#### a. Plaintiff Has Demonstrated Ownership of a Valid Copyright

Plaintiff alleged that it is the owner of the copyrights. *See* Amended Complaint, ¶¶ 3, 22, 29. Defendant admitted this allegation by failing to plead or otherwise defend against Plaintiff's Amended Complaint.

Plaintiff, therefore, has met the first element.

#### b. Plaintiff Has Demonstrated Direct Copyright Infringement by Defendant

As to the second element, Plaintiff alleged that it has actionable claims for direct copyright infringement against Defendant based on Defendant's unauthorized use of the "BitTorrent" protocol to illegally download, reproduce, distribute, perform and display Plaintiff's Works. Specifically, Plaintiff's Amended Complaint alleges that:

- The BitTorrent file distribution network ("BitTorrent") is one of the most common peer-to-peer file sharing systems used for

distributing large amounts of data, including . . . digital movie files. *Id*. at ¶ 10.

- In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces. Users then exchange these small pieces among each other[.] *Id*. at ¶ 12.

- After the infringer receives all of the pieces of a digital media file, the infringer's BitTorrent client software reassembles the pieces so that the file may be opened and utilized. *Id*. at ¶ 13.

- Plaintiff's investigator, IPP International UG established a direct TCP/IP connection with the Defendant's IP address as set forth on Exhibit A. *Id*. at ¶ 17.

- Plaintiff's investigator downloaded from Defendant one or more pieces of each of the digital media files identified by the file hashes on Exhibit A. *Id*. at ¶ 18.

- Each digital media file as identified by the file hash listed on Exhibit A correlates to a copyrighted film owned by Plaintiff, as set forth on Exhibit B. *Id*. at ¶ 19.

- Further, each digital media file as identified by the file hash listed on Exhibit A has been verified to contain a digital copy of a movie that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted work listed on Exhibit B. *Id*. at ¶ 21.

- By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit. *Id*. at ¶ 30.

- Plaintiff did not authorize, permit or consent to Defendant's distribution of its works. *Id*. at ¶ 31.

- As a result of the foregoing, Defendant violated Plaintiff's exclusive [copyrights]. *Id*. at ¶ 32.

- Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2). *Id*. at ¶ 33.

Defendant's acts of infringement were committed with knowledge and willfulness. The very nature of the torrent platform evidences Defendant's intent to infringe copyrights. First, and

8

more obvious, getting a film for free, when a person would otherwise have to pay for it, evidences intent to bypass legitimate means to obtain that film. Accordingly, such conduct shows knowledge of copyright infringement. *See Arista Records, Inc. v. Becker Enterprises, Inc.,* 298 F. Supp. 2d 1310, 1313 (S.D.FL.2003) (stating that the sales price is good evidence that a defendant knew he was infringing copyrights when that sales price is well below the average retail price).

Second, this Court may infer that Defendant willfully infringed Plaintiff's copyrights because of Defendant's default. *See, e.g., Christ Ctr. of Divine Philosophy, Inc. v. Elam*, No. CIV-16-65-D, 2017 U.S. Dist. LEXIS 19140, at *6 (W.D. Okla. Feb. 10, 2017) (The Court, thus, concludes that Defendant is liable for...copyright infringement... the Court also concludes that Defendant infringed these copyrights willfully. Defendant's default and her decision not to defend against these allegations are grounds for concluding that her actions were willful."); *Arista Records, Inc. v. Beker Enters.* at 1313; *Boost Worldwide, Inc. v. Summit City Check Cashing*, No. 5:11CV2466, 2012 U.S. Dist. LEXIS 39770, at *11 (N.D. Ohio Feb. 22, 2012) ("Willfulness can also be inferred from a defendant's default.");

Third, it is clear that downloading the particular torrent software is a willful act, in and of itself, particularly as that software's main purpose is to share unlicensed content. In the case of the torrent software, a substantial amount of technical configuration is required.

Fourth, it has been shown that the use of the BitTorrent protocol is primarily for the infringement of copyrights. As stated in a January 2010 study by a Princeton Senior Sauhard Sahi (under the supervision of Princeton Professor Ed Felton), about 99% of all files in BitTorrent were infringing copyrights (10 of the 1021 files were found to be likely noninfringing), with 100% of movie and television files found to be infringed content. *See* attached hereto as Exhibit "C" a true a correct copy of the article entitled "Princeton study - 99% of BitTorrent files pirated" by George

9

Ou, originally posted January 29, 2010 on http://www.digitalsociety.org/2010/01/princeton-study-99-of-bittorrent-files-pirated/. Indeed, "BitTorrent is to stealing movies, TV shows, music, videogames, and now books what bolt-cutters are to stealing bicycles."[1]

The International Federation for Phonographic Industry (IFPI), issued a thought provoking report entitled "Music, how, when and where you want it," attached as Exhibit "E" hereto. On page 18, the IFPI provides statistics establishing that file sharers' primary motivation for their theft is the "lure of free:"

> A separate body of research helps explain why illegal file-sharing is having this impact on consumer behavior, confirming the main driver of piracy to be not better choice or quality, but the "lure of free". Researchers GFK found that "because it's free" was the main answer given among over 400 illegal filesharers in research unveiled in Sweden in July 2009. A study by Entertainment Media Research in the UK found that 71 per cent of those who admitted they increased their file-sharing activity in 2008 did so "because it's free". In Norway, research by Norstat in 2009 also found the most cited reason for illegal downloading from P2P services was "because it's free". Further studies came to broadly the same conclusion in Japan and Belgium in 2009.

Plaintiff has further alleged that Defendant formed part of a BitTorrent "swarm" infringing the copyrighted Works through the results of Plaintiff's forensic investigation.

Specifically, Plaintiff has alleged that:

> • In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces. Users then exchange these small pieces among each other[.] Amended Complaint, ¶ 12.

> • Each piece of a BitTorrent file is assigned a unique cryptographic hash value. *Id.* at ¶ 14.

---

[1] *See Testimony of Scott Turow President of the Authors Guild Before the Senate Judiciary Committee*, February 16, 2011, at p. 4, a copy of which is attached hereto as Exhibit "D" and was accessed on January 18, 2018 at https://www.judiciary.senate.gov/imo/media/doc/11-2-16%20Turow%20Testimony.pdf.

- The BitTorrent protocol utilizes cryptographic hash values to ensure each piece is properly routed amongst BitTorrent users as they engage in file sharing. *Id.* at ¶ 15.

- The entirety of the digital media file also has a unique cryptographic hash value . . . Once infringers complete downloading all pieces which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate. *Id.* at ¶ 16.

- Plaintiff's investigator downloaded from Defendant one or more pieces of each digital media files as listed in Exhibit A. *Id.* at ¶18.

- Each digital media file as identified by the file has listed on Exhibit A correlates to a copyrighted film owned by Plaintiff, as set forth on Exhibit B. *Id.* at ¶19.

- A full copy of each digital media file was downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched what is listed on Exhibit A. At no point was Plaintiff's copyrighted content uploaded to any other BitTorrent user. *Id.* at ¶ 20.

- Each digital media file as identified by the file has listed on Exhibit A has been verified to contain a digital copy of a movie that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted work listed on Exhibit B. *Id.* at ¶ 21.

- Plaintiff's investigator connected, over a course of time, with Defendant's IP address for each digital media file identified by the hash value as listed on Exhibit A. The most recent TCP/IP connection between IPP and the Defendant's IP address for each file hash value listed in Exhibit A is included within the column labeled Hit Date UTC. *Id.* at ¶ 24.

By defaulting, Defendant has conceded the truth of the foregoing allegations. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.* at 158.

Courts have held that using file-sharing software and protocols, such as BitTorrent, to download copyrighted works and reproduce, distribute, display or perform them without

permission of the copyright holder constitutes copyright infringement. *See, e.g., John Wiley & Son, Inc. v. Williams*, 2012 U.S. Dist. LEXIS 162741 (S.D.N.Y. Oct. 26, 2012) (finding that the nature of BitTorrent peer-to-peer file sharing leads to further distribution of copyrighted works). *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 489-96, 497-501 (1st Cir. 2011) (finding copyright infringement where file-sharing software was used to download and distribute media); *Donkeyball Movie, LLC v. Does 1-171*, 2011 WL 1807452, *1-4 (D.D.C. 2011) (upholding expedited discovery of the nature used in this case where defendants used the BitTorrent protocol to illegally distribute plaintiff's motion picture); *Virgin Records America, Inc. v. Bagan*, 2009 WL 2170153, at *3 (D.N.J. 2009) (holding that "using P2P network software to download copyrighted recordings and distribute them over the network without permission of the copyright holder constitutes copyright infringement"); *BMG Music v. Gonzalez*, 430 F.3d 888, 890-91 (7th Cir. 2005) (downloading copyrighted works through peer-to-peer networks is not fair use).

By downloading the Works and reproducing, distributing, displaying or performing it using the BitTorrent protocol, Defendant has infringed Plaintiffs' copyright on these Works. *See* 17 U.S.C. § 106. Based upon these admitted allegations, Plaintiff has established grounds to impose liability on Defendant for direct copyright infringement.

C. Statutory Damages Should be Awarded to Plaintiff

Plaintiff hereby elects to recover statutory damages against Defendant as provided by 17 U.S.C. § 504.[2]    Section 504(a) of the Copyright Act provides that "an infringer of copyright is

---

[2] Plaintiff need not prove actual damages to be entitled to an award of statutory damages, and may make an election of statutory damages "regardless of the adequacy of the evidence offered as to [its] actual damages and the amount of [D]efendant's profits." *Columbia Pictures Television, Inc., v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001), *cert. denied*, 534 U.S. 1127, 112 S.Ct. 1063 (2002).

liable for . . . (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2). For

unintentional infringement, 17 U.S.C. § 504(c) provides that "the copyright owner may . . . recover

. . . an award of statutory damages for all infringements involved in the action, with respect to any

one work . . . a sum of not less than $750 or more than $30,000 as the court considers just." 17

U.S.C. § 504(c)(1). This is not unintentional infringement, however, and pursuant to 17 U.S.C. §

504(c)(2), the Court upon a finding of willful infringement may "increase the award of statutory

damages to a sum of not more than $150,000." 17 U.S.C. §504(c)(2). Here, Plaintiff pled that

Defendant's infringement was committed willfully. Amended Complaint, ¶ 33. Therefore, a

statutory damages award up to $150,000 would be appropriate.

Significantly, legislative history demonstrates that Congress, recognizing the likelihood of

widespread infringement through the internet, specifically amended the Copyright Act through the

Digital Theft Deterrence Act of 1999 to increase the penalties for copyright infringement:

> By the turn of the century the Internet is projected to have more
> than 200 million users, and the development of new technology
> will create additional incentive for copyright thieves to steal
> protected works. The advent of digital video discs, for example,
> will enable individuals to store far more material than on
> conventional discs and, at the same time, produce perfect
> secondhand copies . . . Many computer users are either ignorant
> that copyright laws apply to Internet activity, or they simply
> believe that they will not be caught or prosecuted for their conduct.
> Also, many infringers do not consider the current copyright
> infringement penalties a real threat and continue infringing, even
> after a copyright owner puts them on notice that their actions
> constitute infringement and that they should stop the activity or
> face legal action. In light of this disturbing trend, it is manifest that
> Congress respond appropriately with updated penalties to dissuade
> such conduct. H.R. 1761 increases copyright penalties to have a
> significant deterrent effect on copyright infringement.

H.R. Rep. No. 106-216, at 3 (1999) (Emphasis added).

Here, despite the fact of Defendant's willful infringement, Plaintiff only seeks an award of $12,000.00 in statutory damages ($750.00 per work). This amount is reasonable when considering that Plaintiff's actual damages far exceed this sum. To explain, Defendant materially aided each of the other participants in the BitTorrent swarm of infringers. This swarm contained thousands of peers and continues to grow. Plaintiff's actual damages are the lost sales of its content to those thousands of infringers. In the aggregate, these lost sales far exceed $12,000.00.[3]

Courts routinely award statutory damages in an amount equal to $30,000.00 for intentional online copyright infringement per work on default judgment. *See, e.g., Achte/Neunte Boll King Beteiligungs GMBH & Co KG v. Palmer*, 2011 WL 4632597, at *1-2 (M.D. Fla. 2011) (on default judgment, awarding $30,000 statutory damages for online infringement); *Liberty Media Holdings, Inc. v. Quynn Alan Phillips, Everette v. Astrue*, No. 3:11-cv-00029-JAH-JMA, ECF No. 12 (S.D. Cal. June 6, 2011) (same); *Getaped.com, Inc. v Cangemi*, 188 F. Supp. 2d 398, 40203 (S.D.N.Y. 2002) (same).

Here, the Court should thus award statutory damages of $12,000.00 to Plaintiff because said amount is reasonable and appropriate based on each Defendant's multiple willful infringements, and the legislative intent behind the Digital Theft Deterrence Act of 1999.

D. Injunctive Relief Should be Awarded to Plaintiff

---

[3] Because Plaintiff here seeks only statutory damages within the range requested in the Complaint, no evidentiary hearing is necessary. *See, e.g., Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (D.P.R. 2002) (no hearing necessary for determination of award of statutory damages; *D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 35, 37 (2d Cir. 1990) (same); *Fustock v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("While it is true . . . that the damages in this case were neither liquidated nor capable of mathematical calculation, it was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").

Permanent injunctive relief should be awarded to Plaintiff. Plaintiff seeks an injunction:

> (A) Permanently enjoin[ing] Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;
>
> (B) Order[ing] that Defendant delete and permanently remove the digital media files relating to Plaintiff's works from each of the computers under such Defendant's possession, custody or control; [and]
>
> (C) Order[ing] that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendant's possession, custody or control . . .

Amended Complaint, at p. 6 ¶¶ (A)-(C).

Permanent injunctive relief to prevent or restrain copyright infringement is authorized under the Copyright Act. *See* 17 U.S.C. § 502(a) ("Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."). The Copyright Act further provides that "the court may order the destruction . . . of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights . . . [.]" 17 U.S.C. § 503(b).

A plaintiff seeking a permanent injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006). Here, Plaintiff has plainly demonstrated each of these factors.

Addressing the first and second factors, Plaintiff has demonstrated that absent an injunction, Defendant will continue to cause Plaintiff irreparable injury that cannot fully be

compensated or measured in money. Specifically, Plaintiff has established that Defendant's conduct has exposed the Works to "viral" infringement using the BitTorrent protocol, in which users in a BitTorrent "swarm" simultaneously upload and download the Works between and among innumerous other users. Amended Complaint, ¶ 11. By virtue of the workings of the BitTorrent protocol, a "seeder" of the copyrighted Work distributes the whole, or portions of, the Work to other recipient peer users, who in turn deliver the whole or portion of the Work to other users in the "swarm." *Id.* Thus, absent injunctive relief to force the deletion of each torrent file or copy of the Works from Defendant's computers (and from the computers of those persons utilizing the BitTorrent protocol in active concert or participation with Defendants), infringement of the Works can continue unabated in exponential fashion. *Id.* Monetary damages, therefore, are inadequate to compensate Plaintiff for such irreparable injury, as Defendant continues, and will continue, to harm Plaintiff on a daily basis. *See Malibu Media, LLC v. Ofiesh*, at *7 ("[M]onetary damages are insufficient to compensate Plaintiff for the injury it has suffered because such damages will not prohibit future infringement."); *Microsoft Corp. v. Big Boy Distribution LLC*, 589 F.Supp.2d 1308, 1321 (S.D. Fla. 2008) ("Generally, a showing of copyright infringement liability and threat of future violations is sufficient to warrant entry of a permanent injunction.").

Considering the balance of hardships between Plaintiff and Defendant, "there is no hardship to Defendant because a permanent injunction will do no more than prevent Defendant from engaging in further unlawful activity." *Malibu Media, LLC v. Ofiesh* at 7-8. "[A]ny injury to [Defendants] caused by the . . . injunction would be a result of [Defendants] ceasing the allegedly infringing conduct." *Medias & Co., Inc. v. Ty, Inc.*, 106 F.Supp.2d 1132, 1140 (D. Colo. 2000). Hence, "this merits little equitable consideration." *Id.* Consequently, the balance of hardships weighs in Plaintiff's favor.

Finally, Plaintiff's prevention of copyright infringement is in the public interest because it "will not disserve the public interest; in fact, to the contrary, it will protect copyrighted material and encourage compliance with the Copyright Act." *Malibu Media, LLC v. Ofiesh* at 8. Further, it "preserv[es] the integrity of copyright laws which encourage individual effort and creativity by granting valuable enforceable rights." *DSC Communications Corp. v. DGI Technologies*, 898 F. Supp. 1183, 1196 (N.D. Tex. 1995).

Courts routinely issue injunctive relief as part of a default judgment where, as here, an online media distribution system was used to download and distribute copyrighted works without permission. *See, e.g., McGraw-Hill Glob. Educ. Holdings, LLC v. Khan*, 2018 U.S. Dist. LEXIS 104988 at *18-19 (S.D.N.Y. June 22, 2018) (holding that a permanent injunction is appropriate because "Plaintiffs have demonstrated that lost profits alone would not compensate them for the unauthorized use of their copyrights."); *Warner Bros. Records, Inc., v. Novak*, 2007 WL 1381748, at *2-3 (D.N.J. 2007) (holding that a permanent injunction enjoining defendants from infringing on plaintiffs' copyrighted sound recordings "is appropriate and reasonable given [d]efendant's continuing infringement on [p]laintiff's sound recordings, and [d]efendant's failure to respond"); *Axact (PVT), Ltd. v. Student Network Resources, Inc.*, 2008 WL 4754907, at *3 (D.N.J. 2008) (granting injunctive relief to defendants on default judgment of copyright infringement claims of academic works and term papers).

Plaintiff, therefore, has demonstrated that it has suffered irreparable harm, and that remedies at law are inadequate. A permanent injunction is appropriate as it will cause no harm to Defendant, and such relief will be in the public interest. Therefore, Court should thus grant Plaintiff the requested injunctive relief.

E. Costs of Suit Should be Awarded to Plaintiff

Plaintiff is entitled to recovery of its costs of suit incurred in this action. Section 505 of the Copyright Act expressly authorizes recovery of "full costs by or against any party other than the United States or an officer thereof," and further provides for an "award [of] a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

Courts routinely award costs to prevailing plaintiffs on default judgment, and especially when the infringement is willful. *See, e.g., Stevens v. Aeonian Press, Inc.*, 2002 U.S. Dist. LEXIS 20189 at *12 (S.D.N.Y. Oct. 22, 2002) ("Given the willful nature of the infringement by Defendants ... the Court has found that an award of costs and attorney's fees is appropriate, and is in line with the statutory goals of compensation and deterrence."); *Axact (PVT), Ltd. v. Student Network Resources* at *3 ("Indeed, it has often been held that attorney's fees are awarded to prevailing copyright plaintiffs 'generally' or 'ordinarily.'") (*citing Rural Telephone Service Co., Inc. v. Feist Pubs., Inc.*, 1992 WL 160890, at *3 (D. Kan. 1992); *A&N Music Corp. v. Venezia*, 733 F. Supp. 955, 958-59 (E.D. Pa. 1990) (awarding costs and attorneys' fees where defendants "knowingly infringed" upon plaintiff's copyrights, and "failed to appear before [the] court to offer an explanation for his conduct").

In this case, the declaration of Plaintiff's counsel states that Plaintiff has incurred $594.00 in costs. *See* Decl. of Kevin T. Conway, Esq. ¶ 8. Defendant in this case was not acting innocently when infringing Plaintiff's copyrighted Works using the BitTorrent protocol. As established by Plaintiff, Defendant's infringements were committed "willfully" under the Copyright Act, and Defendant's failure to respond to the Amended Complaint further demonstrates an unwillingness to respect applicable law. Amended Complaint, ¶ 33.

Accordingly, Plaintiff should be allowed recovery of its costs incurred in this action.

**IV.    CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests entry of a default judgment in favor of Plaintiff and against Defendant, in the form of the Proposed Default Judgment and Permanent Injunction attached hereto.

**WHEREFORE**, Plaintiff, Malibu Media, LLC, respectfully requests that this Honorable Court enter a default judgment in favor of Plaintiff and against Defendant REDACTED:

(A)   Awarding Plaintiff statutory damages in the amount of $12,000.00 pursuant to 17 U.S.C. § 504(c)(1);

(B)   Awarding Plaintiff its reasonable costs of $594.00 pursuant to 17 U.S.C. § 505;

(C)   Permanently enjoining Defendant from directly, contributorily or indirectly infringing Plaintiff's rights under federal or state law of Plaintiff's copyrighted works (the "Works"), including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff;

(D)   Ordering that Defendant destroy all copies of Plaintiff's Works that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization, and shall destroy all copies of the Works transferred onto any physical medium or device in Defendant's possession, custody, or control; and

(E)   Granting Plaintiff any other and further relief this Court deems just and proper.

Dated: July ___, 2020                    Respectfully Submitted,

By:     /s/ Kevin T. Conway
        Kevin T. Conway (KC-3347)
        80 Red Schoolhouse Road, Suite 110
        Spring Valley, NY 10977
        T: (845) 352-0206
        F: (845) 352-0481

Email: ktcmalibu@gmail.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2020, I electronically filed the foregoing document with the Clerk of the Court and all parties using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document via U.S. Mail to the persons set forth in the Service List below.

By: */s/ Kevin T. Conway*
Kevin T. Conway, Esq.

**Service List**


## CERTIFICATE OF COMPLIANCE

I hereby certify that there are 4,662 words in this Memorandum (excluding cover page, certifications and tables of contents and authorities) which complies with the Honorable Judge John G. Koeltl's formatting rules found in his Individual Rules of Practice section 2(D).

By: */s/ Kevin T. Conway*
Kevin T. Conway, Esq.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
:
MALIBU MEDIA, LLC,                                       :
:        Case No. 1:19-cv-07189-JGK
                              Plaintiff,                 :
:
vs.                             :
:
REDACTED,                                                :
:
                              Defendant.                 :
-------------------------------------------------------X

## DECLARATION OF KEVIN T. CONWAY ESQ., IN SUPPORT OF MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT REDACTED

Pursuant to 28 U.S.C. § 1746, I Kevin T. Conway, hereby declare:

1.     I am an attorney with The Law Offices of Kevin T. Conway, attorneys for Plaintiff. Unless otherwise stated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2.     On July 31, 2019, Plaintiff filed the Complaint in this action. [CM/ECF 1].

3.     Pursuant to the issuance of third-party subpoenas, Defendant's Internet Service Providers ("ISP") disclosed Defendant's true identity to Plaintiff.

4.     On December 15, 2019, Plaintiff filed the Amended Complaint in this action [CM/ECF 14].

5.     On July 27, 2020, a Clerk's Certificate of Default against Defendant REDACTED was entered. [CM/ECF 39].

6.     Defendant has failed to appear, plead or otherwise defend in this action.

7.     Defendant is not a minor, incompetent, or in active duty military.

1                                                                    EXHIBIT B

8.  Plaintiff has incurred costs in this case in the amount of $594.00, which includes the statutory filing fee of $400.00, ISP fees of $75.00 and process service fees of $119.00.

**FURTHER DECLARANT SAYETH NAUGHT.**

**<u>DECLARATION</u>**

**PURSUANT TO 28 U.S.C. § 1746,** I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 30th day of July, 2020.

By: _____

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

MALIBU MEDIA, LLC,                          :

                 Plaintiff,        :        Case No. 1:19-cv-07189-JGK

                        :

            vs.                         :

REDACTED,                                   :

                        :

            Defendant.        :

------------------------------------------------------X

## NOTICE OF FILING

    PLEASE TAKE NOTICE, Plaintiff hereby files Demovsky Lawyer Services Invoice No.

392117, in the amount of $119.00, and Verizon Invoice No. 2019255352, in the amount of $75.00,

in support of its Motion for Default Judgment [CM/ECF 40] and it's supporting Memorandum of

Law with Exhibits [CM/ECF 41], and Declaration of Kevin T. Conway [CM/ECF 42], to recover

additional costs expended by Plaintiff.

    Dated:  July 30, 2020

                      By:    */s/ Kevin T. Conway*
                             Kevin T. Conway, Esq. (KC-3347)
                             80 Red Schoolhouse Road, Suite 110
                             Spring Valley, New York 10977
                             T: 845-352-0206
                             F: 845-352-0481
                             E-mail: ktcmalibu@gmail.com
                             *Attorneys for Plaintiff*

1

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2020, I electronically filed the foregoing document with the Clerk of the Court and all parties using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document via U.S. Mail to the persons set forth in the Service List below.

By:     /s/ Kevin T. Conway
        Kevin T. Conway, Esq.

**Service List**

REDACTED



# Demovsky Lawyer Service

P.O. Box 2083
New York, NY 10013
Ph. 212-925-1220  Fax  212-941-0235
www.dlsnational.com
NYC/DCA LIC. # 1416526

## Invoice

Invoice Number:
392117

Invoice Date:
Jun 30, 2020

Page:
1

To:

Malibu Media
1955 West Baseline Road
Suite 113
Mesa, AZ  85202

| Account Number | Worksheet Number | Payment Terms | |
|---|---|---|---|
| 10900 | 264198 | Net 30 Days | |
| | | Request Date | Due Date |
| | | 6/24/20 | 7/30/20 |

| Quantity | Item | | Unit Price | Extension |
|---|---|---|---|---|
| 1.00 | SMN | MALIBU MEDIA, LLC  V  YI-TING CHEN  19 CV 07189  Process Service  - Manhattan  YI-TING CHEN | 119.00 | 119.00 |

Check No:

Subtotal                         119.00
Sales Tax
Total Invoice Amount             119.00
Payment Received                   0.00

Pay online!
www.dlsnational.com

**TOTAL**                        119.00

"DLS, INC." TAX ID NO. 13-3179699

KINDLY NOTE:  1.33% interest per
month (16% annually) will accrue on
invoices not paid within our terms of
30-days.

*Please make checks payable
to:  DLS, Inc. and return to the
P.O. Box listed above.*



2701 S. JOHNSON ST.
SAN ANGELO, TX, 76904
TAX ID: 23-2259884 / Cage # 3L7L6
PHN: 888-483-2600
FAX: 325-949-6916

| Date | Invoice # |
|---|---|
| 11/18/2019 | 2019255352 |

**Case Invoice**

Account #           NY137824
Payment Due Date:   12/18/2019

KEVIN T CONWAY ESQ
80 RED SCHOOLHOUSE ROAD STE 110
SPRING VALLEY , NY, 10977

SNY556

| VZ Case# | File/Docket # | Description | Date Rec | Request Atty/Agent | Rate | Amount |
|---|---|---|---|---|---|---|
| 19147855 0 | 1:19-cv-07189-JGK | # Hours: 1 / $75.00 $75.00 / Hour | 09/09/2019 | KEVIN CONWAY | | $75.00 |

| | |
|---|---|
| Total | $75.00 |
| Payments/Credits | $0.00 |
| Balance Due | $75.00 |

Please return a copy of this summary with your payment. Please reference invoice number on your remittance check.

| Account # | Total Amount Due | Payment Due Date | Amount Enclosed |
|---|---|---|---|
| NY137824 | 75.00 | 12/18/2019 | |

KEVIN T CONWAY ESQ
80 RED SCHOOLHOUSE ROAD STE 110
SPRING VALLEY , NY, 10977

Make check payable to:
VERIZON SECURITY SUBPOENA COMPLIANCE
2701 S. JOHNSON ST.
SAN ANGELO, TX, 76904

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                                          :
MALIBU MEDIA, LLC,                                        :
                                                          :       Case No. 1:19-cv-07189-JGK
                             Plaintiff,                   :
                                                          :
            vs.                                           :
                                                          :
REDACTED,                                                 :
                                                          :
                             Defendant.                   :
                                                          :
-------------------------------------------------------------X

## PLAINTIFF, MALIBU MEDIA, LLC'S, STATEMENT OF DAMAGES

1.    Principal Amount sued for....................................$12,000.00[1]

2.    Costs and Disbursements:

      • Clerk's fee....................................................$50.00

      • Process Server fee for service...............................$119.00

      • Fees to Third-Party for Subpoena Response.................$75.00

      • Statutory fee..................................................$350.00

3.    Total (as of July 28, 2020).....................................$12,594.00

4.    Affixed as Exhibits hereto:

      • A- Summons

      • B- Amended Complaint

      • C- Proof of Service

---

[1] $750.00 per infringement.

Dated: July 30, 2020

Respectfully submitted,

By: /s/ *Kevin T. Conway*
Kevin T. Conway, Esq. (KC-3347)
80 Red Schoolhouse Road, Suite 110
Spring Valley, New York 10977
T: 845-352-0206
F: 845-352-0481
E-mail: ktcmalibu@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2020, I electronically filed the foregoing document with the Clerk of the Court and all parties using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document via U.S. Mail to the persons set forth in the Service List below.

By:    /s/ *Kevin T. Conway*
Kevin T. Conway, Esq.

**Service List**

REDACTED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MALIBU MEDIA, LLC,

                 Plaintiff,            19cv7189 (JGK)

      - against -               ORDER

REDACTED,

                 Defendant.
_____

JOHN G. KOELTL, District Judge:

      The plaintiff has moved for a default judgment. The
defendant should respond by August 14, 2020. If the defendant
fails to respond, the motion will be decided on the current
papers, in which event the defendant may have no trial. If the
defendant responds, the plaintiff may reply by August 21, 2020.
The plaintiff is directed to serve a copy of this Order on the
defendant and file proof of service on the docket by August 4,
2020.

SO ORDERED.

Dated:     New York, New York
          July 31, 2020             /s/ John G. Koeltl
                                   John G. Koeltl
                       United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
                      :

MALIBU MEDIA, LLC,          :

                      :     Case No. 1:19-cv-07189-JGK

          Plaintiff,     :

                      :

        vs.             :

REDACTED,                :

                      :

          Defendant.   :
-------------------------------------------------------X

## NOTICE OF MAILING

Pursuant to this Court's Order [CM/ECF #45] dated July 31, 2020, Plaintiff hereby gives

notice of serving a copy of said Order upon Defendant, via first class U.S. Mail, on August 4,

2020, and attaches proof of mailing hereto.


Dated:  August 5, 2020             Respectfully Submitted,

                      By:    _/s/ Kevin T. Conway_____
                            Kevin T. Conway (KC-3347)
                            80 Red Schoolhouse Road, Suite 110
                            Spring Valley, NY 10977
                            T: (845) 352-0206
                            F: (845) 352-0481
                            Email: ktcmalibu@gmail.com
                            _Attorneys for Plaintiff_

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2020, I electronically filed the foregoing document with the Clerk of the Court and all parties using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document via U.S. Mail to the persons set forth in the Service List below.

By: /s/ *Kevin T. Conway*
Kevin T. Conway, Esq.

**Service List**




# Receipt

Print Date: Aug 04, 2020

**RETURN TO**

KEVIN T. CONWAY

80 Red Schoolhouse Road

Spring Valley, NY 10977

**SHIP TO**

YI-TING CHEN

350 W 42ND STREET, APT 27G

NEW YORK, NY 10977 US

**REFERENCE**

| | |
|---|---|
| Ship Date: | Aug 04, 2020 |
| Ship from ZIP: | 10977 |
| Weight: | 0 lbs. 1 oz. |
| User: | KevinTConway |
| Cost Code: | <None> |
| Refund Type: | E-refund |
| Reference #: | |
| Printed on: | Shipping label |
| Tracking #: | 00040899563763215764 |

| SERVICE | UNIT PRICE |
|---|---|
| First Class ® Envelope | $0.50 |
| Tracking | $0.00 |
| Insurance (N/A) | |

| | |
|---|---|
| Subtotal | $0.50 |
| Label Quantity | 1 |
| Total Cost | $0.50 |

# LESLIE A. FARBER, LLC

### ATTORNEYS AT LAW

ACADEMY SQUARE
33 PLYMOUTH STREET, SUITE 204
MONTCLAIR, NEW JERSEY 07042-2607
973.509.8500 x 213
973.860.1174 (fax)

E-mail: LFarber@LFarberLaw.com
Web page: www.LFarberLaw.com

August 11, 2020

Hon. John G. Koeltl, U.S.D.J.
United States District Court - Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

     Re:   **Malibu Media v. REDACTED**
           **Civil Action No. 1:19 cv 07189 (JGK)**

Dear Judge Koeltl:

I represent the defendant in the above referenced case. Filed simultaneously herewith is a proposed Consent Order to Vacate Default and permit the defendant to file a responsive pleading in this case. Counsel for the plaintiff consents to the relief sought. If the form and content of this Consent Order meets with the Court's approval, please endorse and file same.

                       Respectfully submitted

                       /s/ Leslie A. Farber
                       Leslie A. Farber

LAF

Encl.

cc:   Kevin T. Conway, Esq. *(via ECF)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | Civil Action No. 1:19-cv-07189 (JGK) |
| *Plaintiff,* | **CONSENT ORDER TO VACATE ENTRY OF DEFAULT AND EXTEND TIME TO RESPOND TO COMPLAINT PURSUANT TO F.R.C.P. 55(c)** |
| v. | |
| REDACTED | |
| *Defendant.* | |

THIS MATTER having come before the Court upon the application of Leslie A. Farber, LLC, counsel for defendant, Leslie A. Farber, Esq., appearing, and with the consent of the attorney for plaintiff, for a Consent Order Vacating the Entry of Default, and the Court having considered the matter and for good cause having been shown,

IT IS on this 11th day of August, 2020,

ORDERED that Default entered on July 27, 2020, is hereby Vacated; and

IT IS FURTHER ORDERED that defendant be permitted to file a responsive pleading or otherwise move plead with respect to the Amended Complaint within 21 days of the entry of this Consent Order.

Dated: August 11, 2020

By: /s/ Kevin T. Conway
Kevin T. Conway, Esq.
80 Red Schoolhouse Road, Suite 110
Spring Valley, NY 10977
Ph. (845) 352-0206
Fax: (845) 352-0481
email: mtcmalibu@gmail.com
Attorneys for Plaintiff

Dated: August 11, 2020

LESLIE A. FARBER, LLC

By: /s/ Leslie A. Farber
Leslie A. Farber, Esq.
33 Plymouth Street, Suite 204
Montclair, NJ 07042
Ph. (973) 509-8500 x213
Fax: (973) 860-1174
Email: LFarber@LFarberLaw.com
Attorneys for Defendant

IT IS SO ORDERED this 11th day of August, 2020.

New York, NY

                                         /s/ John G. Koeltl
                                          Hon. John G. Koeltl
                                          U.S.D.J.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
                                          :
MALIBU MEDIA, LLC,                        :
                                          :      Case No. 1:19-cv-07189-JGK
                    Plaintiff,            :
                                          :
                                          :
            vs.                           :
                                          :
REDACTED,                                 :
                                          :
                                          :
                    Defendant.            :
------------------------------------------------------------X
```

## PLAINTIFF'S NOTICE OF SETTLEMENT

**PLEASE TAKE NOTICE,** Plaintiff, Malibu Media, LLC, has settled this matter with

Defendant, John Doe subscriber assigned IP address 98.116.191.111 ("Defendant") through his

counsel. Upon satisfaction of the terms of the parties' settlement agreement, to which Defendant

still has executor obligations, Plaintiff will dismiss Defendant from this action with prejudice.

Dated: September 15, 2020

Respectfully Submitted,

By:      /s/ *Kevin T. Conway*
             Kevin T. Conway (KC-3347)
             7 Stokum Lane
             New City, NY 10956
             T: (845) 352-0206
             F: (845) 352-0481
             Email: ktcmalibu@gmail.com
             *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Kevin T. Conway*
Kevin T. Conway, Esq.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

MALIBU MEDIA, LLC,

                 Plaintiff,

         vs.

REDACTED,

                 Defendant.

---------------------------------------------------------X

Case No. 1:19-cv-07189-JGK

> The conference scheduled for today, September 16, 2020 is cancelled.
>
> New York, NY     /s/ John G. Koeltl
> September 16, 2020 John G. Koeltl, U.S.D.J.

## PLAINTIFF'S NOTICE OF SETTLEMENT

**PLEASE TAKE NOTICE,** Plaintiff, Malibu Media, LLC, has settled this matter with Defendant, John Doe subscriber assigned IP address 98.116.191.111 ("Defendant") through his counsel. Upon satisfaction of the terms of the parties' settlement agreement, to which Defendant still has executor obligations, Plaintiff will dismiss Defendant from this action with prejudice.

Dated: September 15, 2020

                                Respectfully Submitted,

By:     /s/ Kevin T. Conway
                Kevin T. Conway (KC-3347)
                7 Stokum Lane
                New City, NY 10956
                T: (845) 352-0206
                F: (845) 352-0481
                Email: ktcmalibu@gmail.com
                *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Kevin T. Conway*
Kevin T. Conway, Esq.

✎ AO 121 (6/90)

| TO: | |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☑ ACTION    ☐ APPEAL | COURT NAME AND LOCATION<br>U.S. District Court - Southern District of New York<br>500 Pearl Street<br>New York, NY 10007 | |
|---|---|---|
| DOCKET NO.<br>19cv7189 | DATE FILED<br>9/16/2020 | |
| PLAINTIFF<br>Malibu Media, LLC | DEFENDANT<br>**REDACTED** | |

| COPYRIGHT<br>REGISTRATION  NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1 | See Attached | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY    ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | |
|---|---|---|
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | See Attached | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☑ Order    ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes    ☑ No | DATE RENDERED<br>9/16/2020 |
|---|---|---|
| CLERK<br>Ruby J. Krajick | (BY) DEPUTY CLERK<br>S/ K. Sing | DATE<br>9/16/2020 |

**DISTRIBUTION:**

1) Upon initiation of action,
   mail copy to Register of Copyrights

2) Upon filing of document adding copyright(s),
   mail copy to Register of Copyrights

3) Upon termination of action,
   mail copy to Register of Copyrights

4) In the event of an appeal, forward copy to Appellate Court

5) Case File Copy

**Copyrights-In-Suit for IP Address 98.116.191.111**

**ISP:** Verizon Internet Services
**Location:** New York, NY

| Title | Registration Number | Date of First Publication | Effective Date of Registration | Most Recent Hit UTC |
|---|---|---|---|---|
| Cindy Sauna Sex | PA0002173483 | 05/04/2019 | 05/13/2019 | 05/16/2019 |
| Stunning Sexy Shower | PA0002165727 | 03/21/2019 | 04/09/2019 | 05/16/2019 |
| Moonlight Sex Games | PA0002165730 | 03/27/2019 | 04/09/2019 | 05/16/2019 |
| Afternoon Rendezvous | PA0002120296 | 05/21/2018 | 06/05/2018 | 05/16/2019 |
| Workout and Stunning Hot Sex | PA0002154476 | 01/20/2019 | 01/24/2019 | 05/16/2019 |
| Like The First Time | PA0001778844 | 02/29/2012 | 02/29/2012 | 05/16/2019 |
| XXX Threeway Games | PA0002078584 | 06/30/2017 | 08/30/2017 | 03/22/2019 |
| Four Way In 4K | PA0001995499 | 01/28/2016 | 02/18/2016 | 03/21/2019 |
| Cum In For An Orgy | PA0002139295 | 08/11/2018 | 08/27/2018 | 03/20/2019 |
| Honeymoon Sex | PA0002109640 | 03/09/2018 | 03/28/2018 | 03/15/2019 |
| Five Reasons to Love Sex with Blondes | PA0002097524 | 12/09/2017 | 01/03/2018 | 03/15/2019 |
| Moving Day Sex | PA0002133713 | 07/21/2018 | 08/02/2018 | 03/15/2019 |
| Young 18 Year Old Couple in Hot Summer Sex | PA0002139292 | 08/03/2018 | 08/27/2018 | 03/15/2019 |
| Summertime Sex | PA0002128253 | 07/13/2018 | 07/17/2018 | 03/15/2019 |
| Teach Me About Sex | PA0002140491 | 08/31/2018 | 09/24/2018 | 03/15/2019 |
| Supermodel Sex | PA0001967075 | 09/02/2015 | 09/07/2015 | 03/15/2019 |

**Total Malibu Media, LLC Copyrights Infringed:  16**

EXHIBIT B

SNY556

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | Civil Case No. 1:19-cv-07189-JGK |
| *Plaintiff,* | **DECLARATION OF REDACTED** |
| v. | |
| **JOHN DOE subscriber assigned IP address 98.116.191.111,** | |
| *Defendant.* | |

1.　　I, REDACTED, am the defendant in the above captioned case. I make this Declaration in support of the parties' joint application to permanently leave "John Doe 98.116.191.111" as the named defendant and permanently sealing certain documents or redacting my real and address from those documents. I have personal knowledge of the facts contained herein.

2.　　I am the subscriber of the internet account which is referred to in plaintiff's Complaint and Amended Complaint.

3.　　Neither my immediate family nor other family member (to the best of my knowledge) ever received a notice from the internet service provider regarding this lawsuit.

4.　　When we were served with the Summons and Amended Complaint, this was the first time we were made aware of this lawsuit. I consulted with an attorney immediately.

5.　　I deny committing any copyright infringement and am unaware of any infringement having taken place using my IP address.

6.　　I work in the financial advisory industry which demands a clean record regarding lawsuits. Any public association of my name with a civil or criminal case jeopardizes my current and future employability. Additionally, I support local charities with education causes and having my name associated publicly with an infringement case puts my continued community involvement at risk.

1

7.     This case has been settled among the parties pursuant to a confidential settlement agreement where no one admits fault, subject to defendant complying with certain terms.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September_, 2020